**E-FILED**

Wednesday, 15 February, 2006 12:17:11 PM

Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-2035 |
| | ) |
| SOY CITY SOCK COMPANY, | ) |
| WILLIAM E. PHILLIPS. COMPANY, | ) |
| INC. and FEDERAL INSURANCE | ) |
| COMPANY | ) |
| Defendants. | ) |

**FILED**

FEB 15 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

NOW COMES the Plaintiff, ESSEX INSURANCE COMPANY ("Essex"), by and through its attorneys, JOHNSON AND BELL, LTD. and for its Complaint for Declaratory Judgment and other relief against Defendants, SOY CITY SOCK COMPANY ("Soy City"), WILLIAM E. PHILLIPS COMPANY, INC. ("Phillips") and FEDERAL INSURANCE COMPANY ("Federal"), states as follows:

### INTRODUCTION

1.      This declaratory action is brought pursuant to 28 U.S.C. §2201, *et seq.*, and involves the respective rights and duties between Essex, Soy City, Phillips and Federal arising out of claims for insurance coverage for an alleged warehouse fire occurring in Decatur, Illinois.

2.      In this insurance coverage action, Essex seeks a declaration that it owes no duty to defend or indemnify Soy City with respect to claims for property damage and owes no duty to defend Soy City with respect to an underlying action filed in the United States

District Court for the Central district of Illinois Urbana Division and styled *Federal Insurance Company as subrogee of William E. Phillips Company, Inc. v. Soy City Sock Company* and given Case No. 2: 05 - CV-02229-HAB-DGB (the "underlying action" the "underlying Complaint"). (Attached hereto as **Exhibit A** is a copy of the underlying Complaint.)

**THE PARTIES**

3.     Plaintiff, Essex, is organized under the laws of Delaware with its principal place of business in Virginia and issued a commercial general liability policy to Soy City for the policy period March 6, 2003 to March 6, 2004 in given policy No. IL130100048.

4.     Defendant, Soy City, is an Illinois company engaged in a warehouse and insulation manufacturing business with its principle place of business in Decatur, Illinois.

5.     Defendant, Phillips, is, upon information and belief, an Illinois corporation with its principal place of business in Illinois and is engaged in the business of manufacturing materials used to clean up oil spills.

6.     Defendant, Federal, is a corporation organized and existing under the laws of the State of Indiana, having its principle place of business in Warren, New Jersey. Federal issued a First Party Property insurance policy to Phillips.

**JURISDICTION-VENUE**

7.     The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 in that the Plaintiff and Defendants are citizens of different states and/or foreign states and the amount in controversy, exclusive of interest, and costs, exceeds $75,000.00.

2

8.    Venue in this action is in the Central District of Illinois pursuant to 28 U.S.C. §1391, as the events giving rise to the claims at issue occurred within this District.

## THE ESSEX POLICY

9.    Essex issued a commercial general liability policy to Soy City for the period March 6, 2003 to March 6, 2004 (the "policy"). (Attached hereto as **Exhibit B** is a copy of the policy.)

10.    The policy has liability limits of $1,000,000 per occurrence and $1,000,000 in the aggregate.

11.    The policy was issued to Soy City at its offices located in Maroa, Illinois. The named insured on the policy is Soy City Sock Company.

12.    The Coverage grant of the policy reads in relevant part:

1.    Insuring Agreement

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages....

\*            \*            \*

b.    This insurance applies to "bodily injury" and "property damage" only if:

3

        1.  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;

        2.  The "bodily injury" or "property damage" occurs during the policy period; ...

13.    The policy also contains the following relevant exclusion:

    2.   Exclusions

This insurance does not apply to:

         \*          \*          \*

    j.  Damage to property

      "Property damage" to:

         \*          \*          \*

      3.      Property loaned to you;

      4.      Personal property in the care, custody or control of the insured;

14.    The Policy also contains an endorsement bearing form No. M/E-026 (10/99) which excludes coverage for breach of contract. The endorsement provides as follows:

### BREACH OF CONTRACT EXCLUSION

This insurance does not apply to claims for breach of contract, whether express or oral, nor claims for breach of an implied in law or implied in fact contract, whether "bodily injury," "property damage," "advertising injury," "personal injury," or an "occurrence" or damages of any type is alleged; this exclusion also applies to any additional insureds under this policy.

Furthermore, no obligation to defend will arise or be provided by us for such excluded claims.

15.    The Policy also contains a Combination General Endorsement bearing form No. M/E-001 (4/00) which provides at paragraph 10, in relevant part as follows:

## COMBINATION GENERAL ENDORSEMENT

THIS ENDORSMENT CHANGES THE POLICY.

\*            \*            \*

10.    Duty to Defend:  Where there is no coverage under this policy, there is no duty to defend.

## THE UNDERLYING ACTION

16.    Federal filed the underlying action as subrogee of Phillips in the United States District Court for the Central District of Illinois, Urbana Division.

17.    The underlying action alleges that Phillips is in the business of manufacturing materials used to clean up oil spills.

18.    The underlying action also alleges that pursuant to a contract, Soy City was required to "store, package and ship" Phillips' product from the Soy City warehouse located at 3205 North 22nd Street, Decatur, Illinois.

19.    The underlying Complaint further alleges that on or about October 5, 2003 a fire occurred at the Soy City warehouse, allegedly destroying Phillips' property which was stored and packaged at the warehouse by Soy City.

20.    As a result of the fire, Phillips allegedly sustained damages in excess of $550,000.

21.    Pursuant to a First Party Property policy of insurance issued by Federal to

Phillips, Federal paid Phillips approximately $550,000 to compensate Phillips for its damaged property. Thereafter and on or about October 13, 2005 Federal filed the underlying Complaint as subrogee of Phillips against Soy City Sock alleging negligence, breach of contract, breach of warranty, and bailment.

## GENERAL ALLEGATIONS

22.    On November 18, 2005 Soy City, through its counsel, tendered the defense of the underlying action to Essex Insurance Company, whereupon Essex began an investigation into the claim.

23.    Pursuant to the agreement referenced in the underlying Complaint, Soy City stored Phillips' product in sixty inch wide master rolls at the Soy City warehouse.

24.    Soy City's employees would then cut the raw material down to squares to fill orders of Phillips' customers. Thereafter, Soy City would ship the product to the intended Phillips' customer.

25.    The fire, which allegedly destroyed Phillips' property, was deemed to be arson by the local authorities.

26.    At the time of the fire and immediately preceding the fire, there were no employees or staff from Phillips at the So City warehouse.

27.    At all relevant times, Soy City employees performed the storage, the packaging, and shipping of Phillips' products.

## THE EXPRESS TERMS OF THE ESSEX POLICY BAR COVERAGE

28.    Phillips stored its products at the Soy City warehouse pursuant to a contract between Phillips and Soy City.

6

29.    Once Phillips product was stored at the Soy City warehouse, Phillips did not exercise any possessory control over the product.

30.    Under the contract between Phillips and Soy City, Soy City undertook the obligation to store, package, and ship the products.

31.    The Phillips products were in Soy City's exclusive care, custody or control.

32.    The damage to the Phillips products is excluded from coverage under Section 2(j)(4) of the policy because it was in the care, custody, or control of Soy City.

33.    The claims for breach of contract asserted in the underlying action are specifically excluded by the Breach of Contract Exclusion Endorsement to the Essex Policy

34.    Essex has no duty to defend or indemnify Soy City against the underlying action.

35.    Essex has no duty to pay any judgment obtained against Soy City in the underlying action.

36.    Pursuant to 28 U.S.C. §2201, *et seq.*, Essex is entitled to a judicial determination concerning the scope and nature of its rights and obligations, if any, under the policy issued to Soy City and those of all other parties to this action with respect to the underlying action.

WHEREFORE, Essex requests that this Court enter a judgment and Order declaring the rights and obligations of Essex, Soy City, Phillips, and Federal as follows:

a. Essex does not owe a duty to defend or indemnify Soy City with respect to any damages alleged in the underlying action;

b. Essex has no obligation under the policy to defend, to pay defense costs or indemnify Soy City with respect to the underlying action;

7

c.  Essex has no obligation under the policy to pay or indemnify Soy City for any judgment, award or settlement entered in the underlying action;

d.  Essex has no obligation to defend, indemnify, pay judgments, or settlements or any type of damages to Phillips or Federal in connection with their claims in the underlying action;

e.  Granting such other and appropriate relief as the Court deems just and proper.

Respectfully submitted,

JOHNSON & BELL, LTD.

By_____

One of the attorneys for Essex Insurance Company

Peter R. Ryndak
Johnson & Bell, Ltd.
33 W. Monroe St.
Suite 2700
Chicago, IL 60603
312.372.0770

#1343047

**CIVIL COVER SHEET**

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ESSEX INSURANCE COMPANY

**DEFENDANTS**

SOY CITY SOCK COMPANY, WILLIAM E. PHILLIPS COMPANY, FEDERAL INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff Henrico County, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  *macon*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**FILED**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Johnson & Bell, Ltd.   312/372-0770
33 W. Monroe, Ste. 2700, Chicago,IL 60603

Attorneys (If Known)

06-2035

**FEB 15 2006**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | Appeal to District |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332; 28 U.S.C. § 2201

Brief description of cause:
Declaratory Judgment Action seeking adjudication of Insurance Policy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Declaratory Judgment

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE 2:05-CU-022229

DOCKET NUMBER HAB-DGB

DATE 2-14-05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

E-FILED
Wednesday, 15 February, 2006  12:17:39 PM
Clerk, U.S. District Court, ILCD

E-FILED
Thursday, 13 October, 2005  02:17:08 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

FEDERAL INSURANCE COMPANY,  :
as subrogee of  :
WILLIAM E. PHILLIPS CO., INC.,  :
   :
        Plaintiff,  :
   :
     v.  :    No.
   :
SOY CITY SOCK COMPANY,  :    JURY TRIAL DEMANDED
   :
        Defendant.  :

## COMPLAINT

NOW COMES Plaintiff, Federal Insurance Company, as subrogee of William E. Phillips Co., Inc., by and through its undersigned attorneys, and complaining of Defendant Soy City Sock Company, states the following upon information and belief:

## THE PARTIES

1.    Plaintiff, Federal Insurance Company (hereinafter "FIC"), is a corporation duly organized and existing under the laws of the State of Indiana, having its principal place of business at 15 Mountain View Road, Warren, New Jersey.  At all relevant times, FIC was authorized to issue insurance policies in the State of Illinois.

2.    Defendant Soy City Sock Company (hereinafter "Soy City") is, upon information and belief, an Illinois company with its principal place of business at 3205 N. 22nd Street,


EXHIBIT
A

Decatur, Illinois, where it owned and operated a warehouse wherein, among other things, goods were stored, packaged and shipped to other locations.

## JURISDICTION - VENUE

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 in that the Plaintiff and Defendant are citizens of different states and/or foreign states and the amount in controversy, exclusive of interest, and costs, exceeds $75,000.00.

4.     Venue in this action is in the Central District of Illinois pursuant to 28 U.S.C. §1391, as the events giving rise to the claims at issue occurred within this District.

## GENERAL ALLEGATIONS

5.     At all relevant times, William E. Phillips Co., Inc. ("the Phillips Company") was engaged in the business of manufacturing materials used to clean up oil spills.

6.     At all relevant times, Plaintiff FIC insured the Phillips Company pursuant to Policy Number 35392259TG.

7.     Pursuant to a written and/or oral contract or agreement, Defendant Soy City was required to store, package and ship the Phillips Company's product.

8.     On or about October 5, 2003, a fire occurred at the Defendant Soy City's warehouse, destroying the Phillips Company's product housed there.

9.     As a direct and proximate result of the subject fire, the Phillips Company sustained damages in excess of $550,000.00.

2

10.    Pursuant to its policy of insurance, FIC reimbursed the Phillips Company for the fair and reasonable value of its damaged property in an amount in excess of $550,000.00.

11.    In accordance with the common law principles of equitable and/or legal subrogation, in addition to the terms and conditions of its policy, FIC is subrogated to the rights of the Phillips Company with respect to the payments it made in compensation for the aforementioned loss.

COUNT I
NEGLIGENCE

12.    Plaintiff incorporates by reference paragraphs one (1) through eleven (11) as though fully set forth herein at length.

13.    At all relevant times, Defendant Soy City had a duty to perform its activities in a good, safe and workmanlike manner, so as to avoid damaging the Phillips Company's product.

14.    Defendant Soy City, through its employees, agents, servants and/or representatives acting within the scope of their employment, breached its duty in one or more of the following ways:

    a)    failing to adequately protect the property housed in the warehouse, even after Defendant received threats targeting the warehouse;

    b)    failing to properly close and/or secure all entrances to the warehouse, so as to prevent trespassers from entering;

    c)    failing to properly monitor the warehouse;

3

    c)     failing to warn the Phillips Company of the threats made against Defendant regarding the warehouse;

    d)     failing to properly train and/or supervise its employees and/or workmen in the proper procedure for securing the building after hours;

    e)     failing to comply with all applicable codes, standards and other industry guidelines; and

    f)     otherwise failing to exercise due care under the circumstances.

15.     As a direct and proximate result of Defendant Soy City's negligent acts and/or omissions, Plaintiff sustained damages in excess of $550,000.00.

WHEREFORE, Plaintiff FIC demands judgment against Defendant Soy City for damages in an amount in excess of $550,000.00, together with delay damages, interest, costs, attorneys' fees and such other relief as may be properly awarded by this Court.

## COUNT II
## BREACH OF CONTRACT

16.     Plaintiff incorporates by reference paragraphs one (1) through fifteen (15) as though fully set forth herein at length.

17.     The Phillips Company entered into an written and/or oral contract or agreement with Defendant Soy City, pursuant to which Soy City became contractually obligated to store, package and ship the Phillips Company's product in a merchantable form.

4

18.    Defendant Soy City breached its contractual obligations by failing to properly store, package and/or ship the Phillips Company's product and/or failing to reimburse the Phillips Company for the fair and reasonable value of its damaged product.

19.    As a direct and proximate result of Defendant Soy City's breaches of its contractual obligations, Plaintiff sustained damages in excess of $550,000.00.

WHEREFORE, Plaintiff FIC demands judgment against Defendant Soy City for damages in an amount in excess of $550,000.00, together with delay damages, interest, costs, attorneys' fees and such other relief as may be properly awarded by this Court.

<u>COUNT III</u>
**BREACH OF WARRANTIES**

20.    Plaintiff incorporates by reference paragraphs one (1) through nineteen (19) as though fully set forth herein at length.

21.    Per its contract and/or agreement with the Phillips Company, Defendant Soy City Soy City expressly warranted that it would store, package and/or ship the Phillips Company's product in a merchantable form, and perform its activities in such a way as to avoid damaging the Phillips Company's product.

22.    In storing, packaging and shipping the Phillips Company's product, Defendant Soy City impliedly warranted that its work would be performed in a good, safe and workmanlike manner.

23.    Defendant Soy City breached its express and/or implied warranty by failing to properly store, package and/or ship the Phillips Company's product and/or failing to reimburse the Phillips Company for the fair and reasonable value of its damaged product.

24.    In addition to the foregoing, Defendant Soy City also breached its implied warranty in one or more of the following ways:

a)    failing to adequately protect the property housed in the warehouse, even after Defendant received threats targeting the warehouse;

b)    failing to properly close and/or secure all entrances to the warehouse, so as to prevent trespassers from entering;

c)    failing to properly monitor the warehouse;

c)    failing to warn the Phillips Company of the threats made against Defendant regarding the warehouse;

d)    failing to properly train and/or supervise its employees and/or workmen in the proper procedure for securing the building after hours;

e)    failing to comply with all applicable codes, standards and other industry guidelines; and

f)    otherwise failing to exercise due care under the circumstances.

6

25.    As a direct and proximate result of Defendant Soy City's breaches of its express and/or implied warranties, Plaintiff sustained damages in excess of $550,000.00.

WHEREFORE, Plaintiff FIC demands judgment against Defendant Soy City for damages in an amount in excess of $550,000.00, together with delay damages, interest, costs, attorneys' fees and such other relief as may be properly awarded by this Court.

## COUNT IV
## BAILMENT

26.    Plaintiff incorporates by reference paragraphs one (1) through twenty five (25) as though fully set forth herein at length.

27.    At all relevant times, there existed a written and/or implied agreement between the Phillips Company and Defendant Soy City by which Soy City was to serve as a bailee for the materials manufactured by the Phillips Company, with Soy City responsible for storing, packaging and shipping the materials pursuant to the Phillips Company's instructions in exchange for fair and reasonable consideration.

28.    The Phillips Company delivered the materials to Defendant Soy City in good condition on various dates.

29.    Defendant Soy City accepted all of the materials, and took exclusive possession of the materials pursuant to the aforementioned agreement of bailment.

30.    As bailee, Defendant Soy City was to deliver the materials pursuant to the Phillips Company's instructions.

31.    Defendant Soy City did not deliver the materials as requested, as they were destroyed by a fire at the Defendant's warehouse.

7

32.    As a result of Defendant Soy City's material breach of its obligations, Plaintiff sustained damages in excess of $550,000.00.

WHEREFORE, Plaintiff FIC demands judgment against Defendant Soy City for damages in an amount in excess of $550,000.00, together with delay damages, interest, costs, attorneys' fees and such other relief as may be properly awarded by this Court.

Respectfully submitted,

COZEN O'CONNOR

BY: _____
One of Plaintiff's Attorneys

James I. Tarman, Jr.
D. Christine Ducat
COZEN O'CONNOR
222 S. Riverside Plaza, Suite 1500
Chicago, IL 60606
Phone: (312) 382-3100
Fax: (312) 382-8900
*Attorneys for Plaintiff*

Chicago1\3136941 144733.000

8





**ESSEX INSURANCE COMPANY**

MARKEL

*CLAIM ACTIVITY*

COMMERCIAL LIABILITY DECLARATIONS

IP130100103
Renewal of Number

**Policy Number**
IL130100048

Item 1. Named Insured and Mailing Address  RENEWED: IL130100096    D  IRWIN

Soy City Sock Company

APP C/F: _____
INSP C/F: _____

OCT 2 2 2003

15343 North Wood Street
Maroa  IL  61756

CLAIM C/F: _____
MRV C/F: _____

**MSU**

Item 2.  Policy Period    From: 03/06/2003    To: 03/06/2004    Term: 1 Year

12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

Item 3.  Retroactive Date: _____

Item 4.  Business Description: Insulation Manufacturing/Pet Training (N/A)

Item 5.  In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

This policy consists of the following coverage parts for which a premium is indicated. Where no premium is shown, there is no coverage. This premium may be subject to adjustment.    NO FLAT CANCELLATION

| Coverage Part(s) | Form No. and Edition Date | Premium |
|---|---|---|
| Commercial General Liability Coverage Part | 011-1061(8-94) | $ 2,055.00 |
| Professional Liability Coverage Part | | $ |
| | | $ |
| | | $ |
| | | $ |
| Surplus Lines Tax | | $ 62.00 |
| Stamping Fee | | $ 6.00 |
| Policy Fee | | $ 200.00 |
| Audit Period Annual unless otherwise stated: _____ | Total | $ 2,323.00 |

NOTICE TO POLICYHOLDER  This contract is issued pursuant to Section 445 of the Illinois Insurance Code, by a company not authorized and licensed to transact business in Illinois and as such is not covered by the Illinois Insurance Guaranty Fund.

Item 6.  Forms and endorsements applicable to all Coverage Parts: 011-1054(04-00), 011-1087(09-97), 011-1061(08-02)
SHOW NUMBERS

Agent Name and Address: Roush Insurance Services Inc, East Peoria IL
Agent Number: 1301

EXHIBIT
tabbies
B

Countersigned  03/14/2003  SM    By _____
DATE

P. SCHULER

MAR 2 6 2003

THIS COMMERCIAL LIABILITY DECLARATIONS AND THE SUPPLEMENTAL DECLARATIONS,TOGETHER WITH THE COMMON POLICY CONDITIONS,
COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY.

COMPANY

011-1056 (9-93)



# ESSEX INSURANCE COMPANY

## ENDORSEMENT
#2

*The following spaces preceded by an asterisk (\*) need not be completed if this endorsement and the policy have same inception date.*

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 11/12/2003 | SOY CITY SOCK COMPANY |

Add Location #2 - 3205 North 22nd Street, Decatur IL 62521.
(Deleted in error)

Form 011-1061 is amended and attached.

D  IRWIN

DEC 3 0 2003

MSU

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative      PROC'D: E. LEONHARDT   *In Witness Whereof, the Company has caused this endorsement to be signed by a duly authorized representative of the Company*

CODE CHK'D DEC 3 1 2003

Roush Insurance Services Inc.
Noblesville  IN
Agent #1301
12/5/2003  bc

AUTHORIZED REPRESENTATIVE

011 - 1009 (7-80)          COMPANY

# ESSEX INSURANCE COMPANY

**MARKEL**

## COMMERCIAL GENERAL LIABILITY COVERAGE PART
## SUPPLEMENTAL DECLARATIONS

These Supplemental Declarations form a part of policy number **IL130100048**

## LIMITS OF INSURANCE

| | |
|---|---|
| General Aggregate Limit (other than Products/Completed Operations) | $ 1,000,000 |
| Products/Completed Operations Aggregate Limit | $ Excluded |
| Personal and Advertising Injury Limit | $ 1,000,000 |
| Each Occurrence Limit | $ 1,000,000 |
| Damage to Rented Premises | $ 50,000 Each Occurrence |
| Medical Expense Limit | $ 1,000 Any One Person |

## BUSINESS DESCRIPTION AND LOCATION OF PREMISES COVERED BY THIS POLICY

Form of business:

☒ Individual   ☐ Joint Venture   ☐ Partnership   ☐ Organization (other than Partnership or Joint Venture)

Location of all premises you own, rent or occupy: 1) 15343 North Wood Street, Maroa IL 61756
2) 3205 North 22nd Street, Decatur IL 62521
3) 1086 South Market Street, Monticello IL 61856

## PREMIUM

| Description of Hazards/ Insured Classification(s) | Code No. | *Premium Basis | Rate PR/Co | Rate All Other | Advance Premium Pr/Co | Advance Premium All Other |
|---|---|---|---|---|---|---|
| Insulating material manufacturing-organic | 55716 | s) 540,000 | Excl | 2.10 | $ Excl | $ 1,134.00 |
| Pet training | 16404 | s) 10,000 | Excl | 5.52 | Excl | 55.00 |
| Warehouses-private-other than not-for-profit | 68706 | a) 7,000 | Excl | 109.42 | Excl | 766.00 |
| Additional Insured | | | | | | 100.00 |

*(a) Area, (c) Total Cost, (m) Admission, (p) Payroll, (s) Gross Sales, (u) Units, (o) Other

**TOTAL ADVANCE PREMIUM** $ 2,055.00

## FORMS AND ENDORSEMENTS (other than applicable forms and endorsements shown elsewhere in the policy)

Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue:

THIS SUPPLEMENTAL DECLARATIONS AND THE COMMERCIAL LIABILITY DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY.

011-1061 (8-02)                COMPANY



# ESSEX INSURANCE COMPANY

## ENDORSEMENT
### #1

*The following spaces preceded by an asterisk (\*) need not be completed if this endorsement and the policy have same inception date.*

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 11/12/2003 | SOY CITY SOCK COMPANY |

Add Location #3 - 1086 South Market Street, Monticello IL 61856

Delete Location #2 - 3205 North 22nd Street, Decatur IL 62521

Form 011-1061 is amended and attached.

D  IRWIN

DEC 3 0 2003

MSU

PROC'D: DEC 1 6 2003

CODE CHK'D:
D. McCORMACK

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

Authorized Representative

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company

Roush Insurance Services Inc.
Noblesville  IN
Agent #1301
11/18/2003    bc

AUTHORIZED REPRESENTATIVE

011 - 1009 (7-80)        COMPANY



# ESSEX INSURANCE COMPANY

**MARKEL**

## COMMERCIAL GENERAL LIABILITY COVERAGE PART
## SUPPLEMENTAL DECLARATIONS

These Supplemental Declarations form a part of policy number __IL130100048__

### LIMITS OF INSURANCE

| | |
|---|---|
| General Aggregate Limit (other than Products/Completed Operations) | $ __1,000,000__ |
| Products/Completed Operations Aggregate Limit | $ __Excluded__ |
| Personal and Advertising Injury Limit | $ __1,000,000__ |
| Each Occurrence Limit | $ __1,000,000__ |
| Damage to Rented Premises | $ __50,000__ Each Occurrence |
| Medical Expense Limit | $ __1,000__ Any One Person |

### BUSINESS DESCRIPTION AND LOCATION OF PREMISES COVERED BY THIS POLICY

Form of business:

☒ Individual ☐ Joint Venture ☐ Partnership ☐ Organization (other than Partnership or Joint Venture)

Location of all premises you own, rent or occupy: 1) 15343 North Wood Street, Maroa IL 61756
2)    Deleted 11/12/2003
3)    1086 South Market Street,  Monticello IL 61856

### PREMIUM

| Description of Hazards/ Insured Classification(s) | Code No. | *Premium Basis | Rate PR/Co | Rate All Other | Advance Premium Pr/Co | Advance Premium All Other |
|---|---|---|---|---|---|---|
| Insulating material manufacturing-organic | 55716 | s) 540,000 | Excl | 2.10 | $ Excl | $ 1,134.00 |
| Pet training | 16404 | s) 10,000 | Excl | 5.52 | Excl | 55.00 |
| Warehouses-private-other than not-for-profit | 68706 | a) 7,000 | Excl | 109.42 | Excl | 766.00 |
| Additional Insured | | | | | | 100.00 |

*(a) Area, (c) Total Cost, (m) Admission, (p) Payroll, (s) Gross Sales, (u) Units, (o) Other

**TOTAL ADVANCE PREMIUM** $ 2,055.00

### FORMS AND ENDORSEMENTS (other than applicable forms and endorsements shown elsewhere in the policy)

Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue:

THIS SUPPLEMENTAL DECLARATIONS AND THE COMMERCIAL LIABILITY DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY.

011-1061 (8-02)                    COMPANY

**ESSEX INSURANCE COMPANY**

**MARKEL**

# COMMERCIAL GENERAL LIABILITY COVERAGE PART
## SUPPLEMENTAL DECLARATIONS

These Supplemental Declarations form a part of policy number  IL130100048

### LIMITS OF INSURANCE

| | |
|---|---|
| General Aggregate Limit (other than Products/Completed Operations) | $ 1,000,000 |
| Products/Completed Operations Aggregate Limit | $ Excluded |
| Personal and Advertising Injury Limit | $ 1,000,000 |
| Each Occurrence Limit | $ 1,000,000 |
| Damage to Rented Premises | $ 50,000 Each Occurrence |
| Medical Expense Limit | $ 1,000 Any One Person |

### BUSINESS DESCRIPTION AND LOCATION OF PREMISES COVERED BY THIS POLICY

Form of business:

☒ Individual     ☐ Joint Venture     ☐ Partnership     ☐ Organization (other than Partnership or Joint Venture)

Location of all premises you own, rent or occupy: 1. 15343 North Wood Street, Maroa IL 61756
2. 3205 North 22nd Street, Decatur IL 62521

### PREMIUM

| Description of Hazards/ Insured Classification(s) | Code No. | *Premium Basis | Rate PR/Co | Rate All Other | Advance Premium Pr/Co | Advance Premium All Other |
|---|---|---|---|---|---|---|
| Insulating material manufacturing-organic | 55716 | s) 540,000 | Excl | 2.10 | $ Excl | $ 1,134.00 |
| Pet training | 16404 | s) 10,000 | Excl | 5.52 | Excl | 55.00 |
| Warehouses-private-other than not-for-profit | 68706 | a) 7,000 | Excl | 109.42 | Excl | 766.00 |
| Additional insured | | | | | | 100.00 |

*(a) Area, (c) Total Cost, (m) Admission, (p) Payroll, (s) Gross Sales, (u) Units, (o) Other

TOTAL ADVANCE PREMIUM $ 2,055.00

### FORMS AND ENDORSEMENTS (other than applicable forms and endorsements shown elsewhere in the policy)

Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue:
011-1054(04-00), 011-1087(09-97), ME-001(04-00), ME-001A(07-01), ME-009(04-99), ME-023(04-99), ME-024(09-00),
ME-026(10-99), ME-039(04-99), ME-048(04-99), ME-170(08-95), ME-173(04-99), ME-217(11-99), ME-221(04-99), ME-275(08-02),
CG 00 01 (07-98), CG 00 57 (09-99), CG 21 68 (01-02)

THIS SUPPLEMENTAL DECLARATIONS AND THE COMMERCIAL LIABILITY DECLARATIONS, TOGETHER WITH THE COMMON POLICY
CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY.
011-1061 (8-02)



# ESSEX INSURANCE COMPANY

## Illinois Service of Suit
## Mandatory Endorsement

It is agreed that in the event of the failure of this Company herein to pay any amount claimed to be due hereunder this Company hereon, at the request of the Insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon the Company's President, at 4521 Highwoods Parkway, Glen Allen, VA 23060-6148, or his nominee, Edgar W. Phoebus, Jr. at Ten Parkway North, Deerfield, IL 60015, and that in any suit instituted against any one of them upon this Policy, this Company will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above-named is authorized and directed to accept service of process on behalf of this Company in any such suit and/or upon the request of the Insured to give a written undertaking to the Insured that it or they will enter a general appearance upon this Company's behalf in the event such a suit shall be instituted.

Further, pursuant to any state, territory or district of the United States of America, which makes provision therefor, this Company hereon hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute or his successor or successors in office, as their true and lawful attorney, upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Insured or any beneficiary hereunder arising out of this contract of insurance and hereby designated the above-named at the person to whom the said officer is authorized to mail such process or a true copy thereof.

011-1087 (9/97)





## ESSEX INSURANCE COMPANY

# COMBINATION GENERAL ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *Attached to and Forming Part of Policy No. | *Effective Date of Endorsement | *Issued to |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

THIS ENDORSEMENT CHANGES THE POLICY.

1.  Employer's Liability under 2. E. Exclusions, Commercial General Liability Coverage Form, Section I. - Coverage, is replaced by the following and applies throughout this policy:
    This insurance does not apply to any claim, suit, cost or expense arising out of "bodily injury" to
    (1)   any employee of a Named Insured arising out of and in the course of employment or while performing duties related to the conduct of the insured's business; or
    (2)   the spouse, child, parent, brother, sister or relative of that employee as a consequence of (1).
    This exclusion applies whether an insured may be liable as an employer or in any other capacity, and/or to any obligation to share damages with or repay someone else who must pay damages because of the injury, as well as liability assumed under any "Insured Contract."
    Wherever the word "employee" appears above, it shall also mean any member, associate, leased worker, temporary worker or any person or persons loaned to or volunteering services to you.

2.  With respect to any "auto", under 2. Exclusions, g. Aircraft, Auto or Watercraft, Commercial General Liability Coverage Form, Section I. Coverages, the first paragraph is replaced by the following and applies throughout this policy:
    This insurance does not apply to "bodily injury" or "property damage" arising out of, caused by or contributed to by the ownership, non-ownership, maintenance, use or entrustment to others of any "auto." Use includes operation and "loading and unloading."

3.  Employment-Related Practices Exclusion is added to Coverages A and B, Section I, Commercial General Liability Coverage Form and to any other coverage under this policy as follows:
    Employment-Related Practices regardless of allegations are not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same, including but not limited to:
    (A)   Refusal to employ or Termination of Employment; or
    (B)   Discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any form, humiliation or other employment-related practices, policies, acts or omissions; or
    (C)   Consequential "Bodily Injury" or "Personal Injury" as a result or (A) and (B).

4.  Under 2. Exclusions, f. Pollution, Commercial General Liability Coverage Form, Section I. - Coverages, Pollution/environmental impairment/contamination is not covered under this policy, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any other person or entity is excluded throughout this policy. All wording is replaced by the following:
    (A)   "Bodily Injury," "Personal Injury," "Property Damage," or Damages for the devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, of any other type injury or expense; or
    (B)   Any loss, cost, expense, fines and/or penalties arising out of any (1) request, demand, order, governmental authority or directive or that of any private party or citizen action that any insured, or others, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to or assess same the effects of pollutants, environmental impairments, contaminants or (2) any litigation or administrative procedure in which any insured or others may be involved as a party as a result of actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or placement of pollutants, environmental impairments, contaminants into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer or ground water, whether sudden, accidental or gradual in nature or not, and regardless of when.

 

Pollutants mean any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or waste. Waste includes medical waste and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

5.  Asbestos, Lead or Silica Dust is not covered under this policy, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising or alleged to have arisen out of:

(A)  "Bodily Injury," "Personal Injury," "Property Damage" or Damages of any type, arising out of the inhalation, ingestion, physical exposure to, absorption of, or toxic substances from asbestos, lead or silica dust in any form, or from any goods, products or structures containing same, or "Property Damage" or devaluation of property arising from any form of same; or

(B)  Existence of asbestos, silica dust or lead, in any form, in occupancy or construction, or the manufacture, sale, transportation, handling, storage, disposal, or removal of same, or goods or products containing same; or

(C)  Any supervision, instructions, recommendations, requests, warnings or advice given or which should have been given, as well as any costs, including but not limited to abatement, mitigation, removal, contain, treat, detoxify, neutralize, or disposal of same or in any way respond to or assess the effects of same.

6.  Punitive or Exemplary Damages is not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same.  (Exception: This does not apply to Punitive Damages from Wrongful Death brought under Alabama's Wrongful Death Statute.)

7.  Discrimination charges, of any kind, actual and alleged, are not covered under this policy, nor any expenses or obligation to share damages with or repay another whom must pay from same.

8.  If you are a contractor, builder or developer, there is no coverage under this policy for:

(1)  "Bodily Injury," "personal injury" or "property damage" caused by acts of independent Contractors/ subcontractors contracted by you or on your behalf unless you obtain Certificates of Insurance from them providing evidence of at least like coverage and limits of liability as provided by this policy and naming you as an additional insured.

(2)  "Bodily Injury," "personal injury" or "property damage" sustained by any independent contractor/ subcontractor, or any employee, leased worker, temporary or volunteer help of same, unless a Named Insured or employee of a Named Insured is on site, at the time of the injury or damage, and the Named Insured's actions or inactions are the direct cause of the injury or damage, or the injury or damage is directly caused by an employee of the Named Insured.

9.  Professional Liability, Malpractice, Errors, Omission, Acts of any type including rendering or failure to render any type professional service is not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same, unless such coverage is specifically endorsed onto this policy.

10.  Duty to Defend: Where there is no coverage under this policy, there is no duty to defend.







ESSEX INSURANCE COMPANY

# ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| \*ATTACHED TO AND FORMING PART OF POLICY NO. | \*EFFECTIVE DATE OF ENDORSEMENT | \*ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT CHANGES THE POLICY.**

## Amendment to M/E-001

It is hereby understood and agreed that Item 5 of either M/E-001(4/00) or M/E-001(4/99) is amended to read as follows:

5.  Asbestos, Lead, Silica Dust, Mold, Bio-organic Growth or Mildew are not covered under this policy, nor are any expenses nor are any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising or alleged to have arisen out of:

   (a)  "Bodily Injury," "Personal Injury," "Property Damage" or Damages of any type, arising out of the inhalation, ingestion, physical exposure to, absorption of, or toxic substances from asbestos, lead, silica dust, mold, bio-organic growth or mildew in any form, or from any goods, products or structures containing same; or

   (b)  Existence of asbestos, lead, silica dust, mold, bio-organic growth or mildew, in any form, in occupancy or construction, or the manufacture, sale, transportation, handling, storage, disposal, or removal of same, or goods or products containing same; or

   (c)  Any supervision, instructions, recommendations, requests, or warnings or advice given or which should have been given, as well as any costs, including but not limited to abatement, mitigation, removal, containment, treatment, detoxification, neutralization, or disposal of same or in any way respond to assess the effects of same.

AUTHORIZED REPRESENTATIVE        DATE

M/E-001A (7/01)

 

# ESSEX INSURANCE COMPANY

## ADDITIONAL INSURED ENDORSEMENT

* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT CHANGES THE POLICY.**

**SECTION II - WHO IS AN INSURED** of the Commercial General Liability Form is amended to include:

Person or Entity:
CG Industrial Safety, PO Box 2328, Peekskill NY 10566

Interest of the Above:
Controlling Interest

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional Insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium:

$100.00

AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

COMPANY

 

# ESSEX INSURANCE COMPANY

## ADDITIONAL INSURED ENDORSEMENT

\* *Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. IL130100048 | *EFFECTIVE DATE OF ENDORSEMENT 03/06/2003 | *ISSUED TO Soy City Sock Company |
|---|---|---|

THIS ENDORSEMENT CHANGES THE POLICY.

SECTION II - WHO IS AN INSURED of the Commercial General Liability Form is amended to include:

Person or Entity:
Decatur Joint Venture LLC, 225 North Michigan Avenue, 11th Floor, Chicago IL 60601

Interest of the Above:
Controlling Interest

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for any "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

Additional Premium:

Included

_____   _____
AUTHORIZED REPRESENTATIVE          DATE

M/E-009 (4/99)

COMPANY

 

## ESSEX INSURANCE COMPANY

## ANIMAL EXCLUSION ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT CHANGES THE POLICY.**

The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage arising out of or caused by an animal, regardless whether owned by you, in your care, or on your premises.



AUTHORIZED REPRESENTATIVE        DATE

M/E-023 (4/99)

COMPANY

 

**ESSEX INSURANCE COMPANY**

**ASSAULT AND/OR BATTERY EXCLUSION**

\* *Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO.* | *EFFECTIVE DATE OF ENDORSEMENT* | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT CHANGES THE POLICY.**

The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, Section I, Item 2., Exclusions, a.

AUTHORIZED REPRESENTATIVE          DATE

M/E-024 (9/00)

COMPANY



# ESSEX INSURANCE COMPANY

## BREACH OF CONTRACT EXCLUSION



*Entry optional if shown in the Common Policy Declarations.  If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

### THIS ENDORSEMENT CHANGES THE POLICY.

This insurance does not apply to claims for breach of contract, whether express or oral, nor claims for breach of an implied in law or implied in fact contract, whether "bodily injury," "property damage," "advertising injury," "personal injury" or an "occurrence" or damages of any type is alleged; this exclusion also applies to any additional insureds under this policy.

Furthermore, no obligation to defend will arise or be provided by us for such excluded claims.

AUTHORIZED REPRESENTATIVE       /       DATE

M/E-026 (10/99)

 

**ESSEX INSURANCE COMPANY**

MARKEL

## CONTRACTUAL LIABILITY LIMITATION ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT CHANGES THE POLICY.**

Definition of "insured contract" under this policy is replaced by the following:

"Insured Contract" means any written:

1. Lease of premises; or
2. Easement agreement except in connection with construction or demolition operations on or adjacent to a railroad; or
3. Indemnification of a municipality as required by ordinance, except in connection with work for the municipality; or
4. Sidetrack agreement or any easement or license agreement in connection with vehicle or pedestrian private railroad crossings at grade; or
5. Elevator maintenance agreement.

An "Insured Contract" does not include that part of any contract or agreement that indemnifies any person or organization for damage by fire to premises rented or loaned to you.



AUTHORIZED REPRESENTATIVE          DATE

M/E-039 (4/99)                    COMPANY



# ESSEX INSURANCE COMPANY

## DEDUCTIBLE ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT CHANGES THE POLICY.**

## SCHEDULE

| Coverage | | Amount and Basis of Deductible |
|---|---|---|
| If provided by this policy:<br>Bodily Injury, Property Damage,<br>Professional or Personal and<br>Advertising Injury Liability | $ 500 | Per Claim |
| Exception: | | |
| _____ | $ | Per Claim |

☐ If this box is so marked, the basis of deductible is amended to apply 'on a per item per claim' property damage deductible basis.

1.  Our obligation under Bodily Injury Liability, Property Damage Liability, Professional Liability, Personal and/or Advertising Injury Liability, or any other coverage under this policy, to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above. The deductible amount stated above shall be applicable to each claim and will include loss payments, adjustment, investigative and legal fees and costs, whether or not loss payment is involved.

2.  The deductible amount stated above applies under the coverages respectively to all damages sustained by one person, or organization, as the result of any one occurrence.

3.  The terms of this insurance, including those with respect to:
    (a)  Our right and duty to defend any "suits" seeking those damages; and
    (b)  Your duties in the event of an "occurrence," claim, or suit apply irrespective of the application of the deductible amount.

4.  We may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

_____

AUTHORIZED REPRESENTATIVE                    DATE

M/E-048 (4/99)                    COMPANY

## ESSEX INSURANCE COMPANY

**MARKEL**

## PREMIUM BASIS ENDORSEMENT

\* *Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT CHANGES THE POLICY.**

One or more of the following symbols may be entered under the Premium Basis column of the Commercial General Liability Coverage Part Declarations. These symbols designate the basis used for determining your premium. The following is a definition of these symbols when used as a premium basis.

| Symbol | Definition |
|---|---|
| a | "Area" means: |

The total number of square feet or floor space at the insured premises, computed as follows:

1. For entire buildings, by multiplying the product of the horizontal dimensions of the outside of the outer building walls by the number of floors, including basements but do not use the area of the following:
   a. Courts and mezzanine types of floor openings.
   b. Portions of basements or floors where 50% or more of the area is used for shop or storage for building maintenance, dwelling by building maintenance employees, heating units, power plants or air-conditioning equipment.
2. For tenants, determine the area they occupy in the same manner as for the entire buildings.
3. The rates apply per 1,000 square feet of area.

c  "Total Cost" means:

The total cost of all work let or sublet in connection with each specific project including:

1. The cost of all labor, materials and equipment furnished, used or delivered for use in the execution of the work; and
2. All fees, bonuses or commissions made, paid or due.
3. The rates apply per $1,000 of total cost.

m  "Admissions" means:

The total number of persons, other than employees or the named insured, admitted to the event insured or to events conducted on the premises whether on paid admissions, tickets, complimentary tickets or passes. The rates apply per 1,000 admissions.

p  "Payroll" means:

1. Remuneration which includes money or substitutes for money.
2. Payroll includes:
   a. Commissions, bonuses, pay for holidays, vacations or periods of illness;
   b. Extra pay for overtime.
   c. Payments by an employer or amounts otherwise required by law to be paid by employees to statutory insurance or pension plans, such as Federal Social Security Act;
   d. Payment to employees on any basis other than time worked, such as piece work, profit sharing or incentive plans;
   e. Payment or allowance for hand tools or power tools used by hand provided by employees and used in their work or operations for the insured;
   f. The rental value of an apartment or a house provided for an employee based on comparable accommodations.

g.   Value of meals and lodging other than apartment or house received by employees as part of their pay;

h.   The value of store certificates, merchandise, credits or any other substitute for money received by employees as part of their pay;

i.   The payroll of all drivers, mobile equipment operators and their helpers, whether or not the operators are designated or licensed to operate automobiles. If the operators and their helpers are provided to the insured along with equipment hired under contract and their actual payroll is not known, use 1/3 of the total amount paid out by the insured for the hire of the equipment;

j.   The payroll of executive officers and individual insureds and co-partners;

k.   Fees paid to employment agencies for temporary personnel provided to the insured.

3.   Payroll does not include:

a.   Tips and other gratuities received by employees;

b.   Payments by an employer to group insurance or group pension plans for employees in accordance with the manuals in use by us;

c.   The value of special rewards for individual invention or discovery;

d.   Dismissal or severance payments except for time worked or accrued vacation;

4.   The rates apply per $1,000 of payroll.

s   "Gross Sales" or "Receipts" means:

1.   The gross amount charged by the named insured, concessionaires of the named insured or by others trading under the insured's name for:

a.   All goods or products, sold or distributed;

b.   Operations performed during the policy period;

c.   Rentals; and

d.   Dues or fees.

2.   Inclusions

The following items shall not be deducted from gross sales:

a.   Foreign exchange discounts;

b.   Freight allowance to customers;

c.   Total sales of consigned goods and warehouse receipts;

d.   Trade or cash discounts;

e.   Bad debts; and

f.   Repossession of items sold on installments (amount actually collected.)

3.   Exclusions

The following items shall be deducted from gross sales:

a.   Sales or excise taxes which are collected and submitted to a governmental division;

b.   Credits for repossessed merchandise and products returned. Allowances for damaged and spoiled goods;

c.   Finance charges for items sold on installments;

d.   Freight charges on sales if freight is charged as a separate item on customers invoice; and

e.   Royalty income from patent rights or copyrights which are not product sales.

4.   The rates apply per $1,000 of gross sales.

t   "Each" means:

The basis of premium involves units of exposure, and the quantity comprising each unit of exposure is indicated in the Declarations such as "per person."

The rates apply per unit of exposure.

u   "Unit" means:

A single room or group of rooms intended for occupancy as separate living quarters by a family, by a group of unrelated persons living together, or by a person living alone.

The rates apply per each unit.

_____
Authorized Representative

E-FILED
Wednesday, 15 February, 2006 12:18:45 PM
Clerk, U.S. District Court, ILCD



 ESSEX INSURANCE COMPANY

## PRODUCTS / COMPLETED OPERATIONS HAZARD EXCLUSION

\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE COMMERCIAL GENERAL LIABILITY COVERAGE PART.**

This Insurance does not apply to "bodily injury" or "property damage" included within the "products/completed operations hazard."



AUTHORIZED REPRESENTATIVE                    DATE

M/E-173 (4/99)

COMPANY



# ESSEX INSURANCE COMPANY

**MARKEL**

## SPECIFIED /DESIGNATED PREMISES/PROJECT LIMITATION

\* *Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT CHANGES THE POLICY.**

### Schedule

**Premises:**
See Form 011-1061

**Project:**

(Complete above if information different than that shown in the Declarations)

This insurance applies only to "bodily injury", "property damage", "personal injury", "advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule (or Declarations);
   or

2. The project shown in the Schedule (or Declarations).

_____    _____
AUTHORIZED REPRESENTATIVE         DATE

M/E-217 (11/99)              COMPANY





**ESSEX INSURANCE COMPANY**

# SUBSIDENCE EXCLUSION ENDORSEMENT

\* *Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| IL130100048 | 03/06/2003 | Soy City Sock Company |

**THIS ENDORSEMENT CHANGES THE POLICY.**

This policy does not apply to any liability for "Bodily Injury", "Personal Injury", disease or illness, including death, or "Property Damage" or to loss of, damage to, or loss of property, directly or indirectly arising out of, caused by, resulting from, contributed to or aggravated by the subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, mud flow, rising, tilting, bulging, cracking, shrinking or expansion of foundations, walls, roofs, floors, or ceilings, or any other movements of land or earth, regardless of whether the foregoing emanates from, or is attributable to, any operations performed by or on behalf of any insured. The foregoing applies regardless of whether the first manifestation of same occurs during the policy period or prior or subsequent thereto.

It is further agreed that there is no coverage nor defense under this policy for any claims, loss, costs, or expense arising from any allegations against any insured resulting from or contributing to or aggravated by subsidence as described in the first paragraph of this endorsement.



AUTHORIZED REPRESENTATIVE                    DATE

M/E-221 (4/99)                    COMPANY





## ESSEX INSURANCE COMPANY

## UNDERGROUND ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO.<br>IL130100048 | *EFFECTIVE DATE OF ENDORSEMENT<br>03/06/2003 | *ISSUED TO<br>Soy City Sock Company |
|---|---|---|

## THIS ENDORSEMENT CHANGES THE POLICY.

This insurance does not apply to bodily injury, property damage, personal injury, advertising injury, or any injury, loss or damage, or consequential damages, arising out of any underground work, regardless of method.

However, this exclusion does not apply if you have contacted the local underground utility locating service in your area or region at least 48 hours in advance of commencement of any work, and they must have come out to the job site and located and marked all underground lines, pipes, cables, and utilities, prior to your undertaking any work.

There is no coverage under this policy for loss or damage as a result of back up or overflow of any water, sewer, drains, ditches, pipes or other, however alleged to be caused, nor for any consequential damages as a result thereof.

Authorized Representative   Date

M/E-235 (08/02)

COMMERCIAL GENERAL LIABILITY
CG 00 57 09 99

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# AMENDMENT OF INSURING AGREEMENT –
# KNOWN INJURY OR DAMAGE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)

Paragraph **1. Insuring Agreement** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2) The "bodily injury" or "property damage" occurs during the policy period; and

   (3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

   (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

   (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".



COMMERCIAL GENERAL LIABILITY
CG 21 68 01 02

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WAR OR TERRORISM EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion i. under Paragraph 2., **Exclusions** of Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced by the following:

**2. Exclusions**

This insurance does not apply to:

**i. War Or Terrorism**

"Bodily injury" or "property damage" arising directly or indirectly, out of:

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; ·

(3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these; or

(4) "Terrorism", including any action taken in hindering or defending against an actual or expected incident of "terrorism"

regardless of any other cause or event that contributes concurrently or in any sequence to the injury or damage.

However, with respect to "terrorism", this exclusion only applies if one or more of the following are attributable to an incident of "terrorism":

(1) The total of all damage to all types of property sustained by all persons and entities affected by the "terrorism" (and including business interruption losses sustained by owners or occupants of such damaged property), whether or not insured, exceeds $25,000,000; or

(2) Fifty or more persons sustain death or serious physical injury. For the purposes of this provision, serious physical injury means:

(a) Physical injury that involves a substantial risk of death;

(b) Protracted and obvious physical disfigurement; or

(c) Protracted loss of or impairment of the function of a bodily member or organ; or

(3) The "terrorism" involves the use, release or escape of pathogenic or poisonous biological or chemical materials or of nuclear materials, or directly or indirectly results in nuclear reaction or radiation or radioactive contamination.

For the purposes of determination the total of all damage to all types of property or the total number of deaths or serious physical injuries, multiple incidents of "terrorism" which occur within a seventy-two hour period and appear to be carried out in concert or to have a related purpose or common leadership shall be considered to be one incident of "terrorism".

B. The following exclusion is added to Paragraph 2., **Exclusions** of Section I - Coverage B - Personal And Advertising Injury Liability:

**2. Exclusions**

This insurance does not apply to:

**WAR OR TERRORISM**

"Personal and advertising injury" arising directly or indirectly, out of:

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents;

(3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these; or



(4) "Terrorism", including any action taken in hindering or defending against an actual or expected incident of "terrorism"

regardless of any other cause or event that contributes concurrently or in any sequence to the injury.

However, with respect to "terrorism", this exclusion only applies if one or more of the following are attributable to an incident of "terrorism":

(1) The total of all damage to all types of property sustained by all persons and entities affected by the "terrorism" (and including business interruption losses sustained by owners or occupants of such damaged property), whether or not insured, exceeds $25,000,000; or

(2) Fifty or more persons sustain death or serious physical injury. For the purposes of this provision, serious physical injury means:

(a) Physical injury that involves a substantial risk of death;

(b) Protracted and obvious physical disfigurement; or

(c) Protracted loss of or impairment of the function of a bodily member or organ; or

(3) The "terrorism" involves the use, release or escape of pathogenic or poisonous biological or chemical materials or of nuclear materials, or directly or indirectly results in nuclear reaction or radiation or radioactive contamination.

For the purposes of determination the total of all damage to all types of property or the total number of deaths or serious physical injuries, multiple incidents of "terrorism" which occur within a seventy-two hour period and appear to be carried out in concert or to have a related purpose or common leadership shall be considered to be one incident of "terrorism".

C. Exclusion h. under Paragraph 2., Exclusions of Section I - Coverage C - Medical Payments does not apply.

D. The following definition is added to the Definitions Section:

"Terrorism" means activities against persons, organizations or property of any nature:

1. That involve the following or preparation for the following:

a. Use or threat of force or violence;

b. Commission or threat of a dangerous act; or

c. Commission or threat of an act that interferes with or disrupts an electronic, communication, information or mechanical system; and

2. When one or both of the following applies:

a. The effect is to intimidate or coerce a government or the civilian population or any segment thereof, or to disrupt any segment of the economy; or

b. It appears that the intent is to intimidate or coerce a government, or to further political, ideological, religious, social or economic objectives or to express (or express opposition to) a philosophy or ideology.

COMMERCIAL GENERAL LIABILITY
CG 00 01 07 98

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2. Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

**f. Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

(i) "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

(ii) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

    Copyright, Insurance Services Office, Inc., 1997    CG 00 01 07 98    □

**(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

    **(i)** "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

    **(ii)** "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

    **(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

**(e)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

**(2)** Any loss, cost or expense arising out of any:

    **(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

    **(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

    **(a)** Less than 26 feet long; and

    **(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

**(5)** "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment".

Copyright, Insurance Services Office, Inc., 1997

### h. Mobile Equipment

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

### i. War

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

### j. Damage To Property

"Property damage" to:

(1) Property you own, rent, or occupy;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

### k. Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

### l. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

### m. Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

### n. Recall Of Products, Work Or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

### o. Personal And Advertising Injury

"Bodily injury" arising out of "personal and advertising injury".

Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section III – Limits Of Insurance.

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

### 1. Insuring Agreement

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance ; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and **B**.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

### 2. Exclusions

This insurance does not apply to:

**a.** "Personal and advertising injury":

**(1)** Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

**(2)** Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

**(3)** Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

**(4)** Arising out of a criminal act committed by or at the direction of any insured;

**(5)** For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

**(6)** Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement";

**(7)** Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";

**(8)** Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

**(9)** Committed by an insured whose business is advertising, broadcasting, publishing or telecasting. However, this exclusion does not apply to Paragraphs **14.a.**, **b.** and **c.** of "personal and advertising injury" under the Definitions Section; or

**(10)** Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

## COVERAGE C MEDICAL PAYMENTS

### 1. Insuring Agreement

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

**(2)** On ways next to premises you own or rent; or

**(3)** Because of your operations;

provided that:

**(1)** The accident takes place in the "coverage territory" and during the policy period;

**(2)** The expenses are incurred and reported to us within one year of the date of the accident; and

**(3)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.



b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

  (1) First aid administered at the time of an accident;

  (2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

  (3) Necessary ambulance, hospital, professional nursing and funeral services.

## 2. Exclusions

We will not pay expenses for "bodily injury":

a. To any insured.

b. To a person hired to do work for or on behalf of any insured or a tenant of any insured.

c. To a person injured on that part of premises you own or rent that the person normally occupies.

d. To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Included within the "products-completed operations hazard".

g. Excluded under Coverage A.

h. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

a. All expenses we incur.

b. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

e. All costs taxed against the insured in the "suit".

f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. This insurance applies to such liability assumed by the insured;

c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f. The indemnitee:

  (1) Agrees in writing to:

    (a) Cooperate with us in the investigation, settlement or defense of the "suit";

    (b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

    (c) Notify any other insurer whose coverage is available to the indemnitee; and

    (d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

Copyright, Insurance Services Office, Inc., 1997

CG 00 01 07 98

(2) Provides us with written authorization to:

    (a) Obtain records and other information related to the "suit"; and

    (b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgments or settlements; or

b. The conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

a. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:

(1) "Bodily injury" or "personal and advertising injury":

    (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

    (b) To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of Paragraph **(1)(a)** above;

    (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(b)** above; or

    (d) Arising out of his or her providing or failing to provide professional health care services.

(2) "Property damage" to property:

    (a) Owned, occupied or used by,

    (b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

you, any of your "employees", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

b. Any person (other than your "employee"), or any organization while acting as your real estate manager.

c. Any person or organization having proper temporary custody of your property if you die, but only:

(1) With respect to liability arising out of the maintenance or use of that property; and

(2) Until your legal representative has been appointed.

 Copyright, Insurance Services Office, Inc., 1997

d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

a. "Bodily injury" to a co-"employee" of the person driving the equipment; or

b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

c. Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III – LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

a. Insureds;

b. Claims made or "suits" brought; or

c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

a. Medical expenses under Coverage C;

b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

a. Damages under Coverage A; and

b. Medical expenses under Coverage C

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to 5. above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage A for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

Copyright, Insurance Services Office, Inc., 1997

CG 00 01 07 98

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c. Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5. Premium Audit**

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6. Representations**

By accepting this policy, you agree:

**a.** The statements in the Declarations are accurate and complete;

**b.** Those statements are based upon representations you made to us; and

**c.** We have issued this policy in reliance upon your representations.

**7. Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

**a.** As if each Named Insured were the only Named Insured; and

**b.** Separately to each insured against whom claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**9. When We Do Not Renew**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

**SECTION V – DEFINITIONS**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

**2.** "Auto" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

Copyright, Insurance Services Office, Inc., 1997    **CG 00 01 07 98**    □

b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in **a.** above; or

c. All parts of the world if:

   (1) The injury or damage arises out of:

      (a) Goods or products made or sold by you in the territory described in **a.** above; or

      (b) The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; and

   (2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in **a.** above or in a settlement we agree to.

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

   b. A sidetrack agreement;

   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement;

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

   Paragraph **f.** does not include that part of any contract or agreement:

   (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

   (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

      (a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

      (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

   (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

11. "Loading or unloading" means the handling of property:

   a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

   b. While it is in or on an aircraft, watercraft or "auto"; or



c. While it is being moved from an aircraft, water-craft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

(1) Power cranes, shovels, loaders, diggers or drills; or

(2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

(1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

(2) Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

(1) Equipment designed primarily for:

(a) Snow removal;

(b) Road maintenance, but not construction or resurfacing; or

(c) Street cleaning;

(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

Copyright, Insurance Services Office, Inc., 1997

b. Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

(3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Your product" means:

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) You;

(2) Others trading under your name; or

(3) A person or organization whose business or assets you have acquired; and

b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

b. The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

21. "Your work" means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

b. The providing of or failure to provide warnings or instructions.

 Copyright, Insurance Services Office, Inc., 1997