112-CGI-290 (LDS/ad)

**E-FILED**
Tuesday, 23 May, 2006  01:31:18 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

ESSEX INSURANCE COMPANY,     )
     )
     Plaintiff,     )
     )
     vs.     )     Court No. 06 CV 2035
     )
SOY CITY SOCK COMPANY,     )
WILLIAM E. PHILLIPS COMPANY, INC. )
and FEDERAL INSURANCE COMPANY, )
     )
     Defendants.     )

### DEFENDANTS', WILLIAM E. PHILLIPS COMPANY, INC.
### AND FEDERAL INSURANCE COMPANY,
### ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT
### <u>FOR DECLARATORY JUDGMENT AND OTHER RELIEF</u>

Defendants, WILLIAM E. PHILLIPS COMPANY, INC. ("PHILLIPS") and FEDERAL

INSURANCE COMPANY ("FEDERAL"), by and through their attorneys, SUDEKUM, CASSIDY

& SHULRUFF, CHTD., state by way of Answer to the Complaint for Declaratory Judgment and

Other Relief filed by the plaintiff, ESSEX INSURANCE COMPANY ("ESSEX"), as follows:

### <u>INTRODUCTION</u>

1.     This declaratory action is brought pursuant to 28 U.S.C. § 2201, *et seq.*, and involves

the respective rights and duties between ESSEX, SOY CITY, PHILLIPS and FEDERAL, arising out

of claims for insurance coverage for an alleged warehouse fire occurring in Decatur, Illinois.

**<u>ANSWER:</u>**     Defendants admit the allegations of paragraph 1.

2.     In this insurance coverage action, ESSEX seeks a declaration that it owes no duty to

defend or indemnify SOY CITY with respect to claims for property damage and owes no duty to

defend SOY CITY with respect to an underlying action filed in the United States District Court for

the Central District of Illinois, Urbana Division styled *Federal Insurance Company as subrogee of*

*William E. Phillips Company, Inc. v. Soy City Sock Company* and given Case No. 2: 05-CV-02229-HAB-DGB (the "underlying action, " the "underlying Complaint"). (Attached hereto as **Exhibit A** is a copy of the underlying Complaint.)

> **ANSWER:**    Defendants admit that the above action was filed and admit that Exhibit A is a copy of the underlying complaint. Defendants deny the remaining allegations of paragraph 2, as the underlying action and the underlying Complaint speak for themselves.

## THE PARTIES

3.    Plaintiff, ESSEX, is organized under the laws of Delaware with its principal place of business in Virginia, and issued a commercial general liability policy to SOY CITY for the policy period of March 6, 2003 to March 6, 2004 and given Policy No. IL130100048.

**ANSWER:**    Defendants admit the allegations of paragraph 3.

4.    Defendant, SOY CITY, is an Illinois company engaged in a warehouse and insulation manufacturing business with its principal place of business in Decatur, Illinois.

**ANSWER:**    Defendants admit the allegations of paragraph 4.

5.    Defendant, PHILLIPS, is, upon information and belief, an Illinois corporation with its principal place of business in Illinois and is engaged in the business of manufacturing materials used to clean up oil spills.

**ANSWER:**    Defendants admit the allegations of paragraph 5.

6.    Defendant, FEDERAL, is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business in Warren, New Jersey. FEDERAL issued a First Party Property insurance policy to PHILLIPS.

**ANSWER:**    Defendants admit the allegations of paragraph 6.

2

**JURISDICTION – VENUE**

7.    The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, in that the plaintiff and defendants are citizens of different states and/or foreign states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

**ANSWER:**    Defendants admit the allegations of contained in paragraph 7.

8.    Venue in this case is the Central District of Illinois pursuant to 28 U.S.C. § 1391, as the events giving rise to the claims at issue occurred within this District.

**ANSWER:**    Defendants admit the allegations contained in paragraph 8.

**THE ESSEX POLICY**

9.    ESSEX issued a general commercial liability policy to SOY CITY for the period of March 6, 2003 to March 6, 2004 ("policy").  (Attached hereto as **Exhibit B** is a copy of the policy.)

**ANSWER:**    Defendants admit the allegations contained in paragraph 12.  Defendants further admit a copy of the policy is attached as Exhibit B.

10.    The policy has liability limits of $1,000,000 per occurrence and $1,000,000 in the aggregate.

**ANSWER:**    Defendants admit the allegations contained in paragraph 10.

11.    The policy was issued to SOY CITY at its offices located in Maroa, Illinois.  The named insured on the policy is SOY CITY SOCK COMPANY.

**ANSWER:**    Defendants have no knowledge concerning where the policy was issued and, therefore, deny that it was issued in Maroa, Illinois.  Defendants admit the remaining allegations of paragraph 11.

3

12.    The Coverage grant of the policy reads in relevant part:

    1.    Insuring Agreement

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages....

            * * *

        b.    This insurance apples to "bodily injury" and "property damage" only if:

            1.    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;

            2.    The "bodily injury" or "property damage" occurs during the policy period; . . .

**ANSWER:**    Defendants admit the language cited in paragraph 12 is contained in the policy.


13.    The policy also contains the following relevant exclusion:

    2.    Exclusions

    This insurance does not apply to:

            * * *

        j.    Damage to property

    "Property damage" to:

            * * *

            3.    Property loaned to you;

            4.    Personal property in the care, custody or control of the insured;

**ANSWER:**    Defendants admit the language cited in paragraph 13 is contained in the policy.

14.    The Policy also contains an endorsement bearing form No. M/E-026 (10/99) which excludes coverage for breach of contract. The endorsement provides as follows:

**BREACH OF CONTRACT EXCLUSION**

This insurance does not apply to claims for breach of contract, whether express or oral, nor claims for breach of an implied in law or implied in fact contract, whether "bodily injury," "property damage," advertising injury," "personal injury," or an "occurrence" or damages of any type is alleged; this exclusion also applies to any additional insureds under this policy. Furthermore, no obligation to defend will arise or be provided by us for such excluded claims.

**ANSWER:**   Defendants admit the language cited in paragraph 14 is contained in the policy.

15.   The Policy also contains a Combination General Endorsement bearing form No. M/E-001 (4/00) which provides at paragraph 10, in relevant part as follows:

**COMBINATION GENERAL ENDORSEMENT**

THIS ENDORSEMENT CHANGES THE POLICY.

\* \* \*

10.   Duty to Defend: Where there is no coverage under this policy, there is no duty to defend.

**ANSWER:**   Defendants admit the language cited in paragraph 15 is contained in the policy.

## THE UNDERLYING ACTION

16.   FEDERAL filed the underlying action as subrogee of PHILLIPS in the United States District Court for the Central District of Illinois, Urbana Division.

**ANSWER:**   Defendants admit the allegations contained in paragraph 16.

17.   The underlying action alleges that PHILLIPS is in the business of manufacturing materials used to clean up oil spills.

**ANSWER:**   Defendants admit the allegations contained in paragraph 17.

18.   The underlying action also alleges that pursuant to a contract, SOY CITY was required to "store, package and ship" PHILLIPS' product from the SOY CITY warehouse located at 3205 North 22nd Street, Decatur, Illinois.

5

**ANSWER:**    Defendants admit the allegations contained in paragraph 18.

19.    The underlying Complaint further alleges that on or about October 5, 2003 a fire occurred at the SOY CITY warehouse, allegedly destroying PHILLIPS' property which was stored and packaged at the warehouse by SOY CITY.

**ANSWER:**    Defendants admit the allegations contained in paragraph 19.

20.    As a result of the fire, PHILLIPS allegedly sustained damages in excess of $550,000.

**ANSWER:**    Defendants admit the allegations contained in paragraph 20.

21.    Pursuant to a First Party Property policy of insurance issued by FEDERAL to PHILLIPS, FEDERAL paid PHILLIPS approximately $550,000 to compensate PHILLIPS for its damaged property.  Thereafter and on or about October 13, 2005, FEDERAL filed the underlying Complaint as subrogee of PHILLIPS against SOY CITY SOCK alleging negligence, breach of contract, breach of warranty, and bailment.

**ANSWER:**    Defendants admit the allegations contained in paragraph 21.

## GENERAL ALLEGATIONS

22.    On November 18, 2005, SOY CITY, through its counsel, tendered the defense of the underlying action to ESSEX INSURANCE COMPANY, whereupon ESSEX began an investigation into the claim.

**ANSWER:**    Defendants have no knowledge of the allegations of paragraph 22 and, therefore, deny the same and demand strict proof thereof.

23.    Pursuant to the agreement referenced in the underlying Complaint, SOY CITY stored PHILLIPS' product in sixty inch wide master rolls at the SOY CITY warehouse.

6

**ANSWER:**   Defendants have no knowledge of the allegations of paragraph 23 and, therefore, deny the same and demands strict proof thereof.

24.    SOY CITY's employees would then cut the raw material down to squares to fill orders of PHILLIPS' customers.  Thereafter, SOY CITY would ship the product to the intended PHILLIPS' customer.

**ANSWER:**   Defendants admit the allegations contained in paragraph 24.

25.    The fire, which allegedly destroyed PHILLIPS' property, was deemed to be arson by the local authorities.

**ANSWER:**   Defendants admit that the fire was an arson fire.  Defendants have no knowledge of the remaining allegations of paragraph 25 and, therefore, deny the same and demand strict proof thereof.

26.    At the time of the fire and immediately preceding the fire, there were no employees or staff from PHILLIPS at the SOY CITY warehouse.

**ANSWER:**   Defendants have no knowledge of the allegations of paragraph 26 and, therefore, deny the same and demand strict proof thereof.

27.    At all relevant times, SOY CITY employees performed the storage, the packaging, and shipping of PHILLIPS' products.

**ANSWER:**   Defendants admit the allegations contained in paragraph 27.

**THE EXPRESS TERMS OF THE ESSEX POLICY BAR COVERAGE**

28.    PHILLIPS stored its products at the SOY CITY warehouse pursuant to a contract between PHILLIPS and SOY CITY.

**ANSWER:**   Defendants admit the allegations contained in paragraph 28.

29.     Once PHILLIPS product was stored at the SOY CITY warehouse, PHILLIPS did not exercise any possessory control over the product.

**ANSWER:**    Defendants deny the allegations contained in paragraph 29.

30.     Under the contract between PHILLIPS and SOY CITY, SOY CITY undertook the obligation to store, package, and ship the products.

**ANSWER:**    Defendants admit the allegations contained in paragraph 30.

31.     The PHILLIPS products were in SOY CITY'S exclusive care, custody or control.

**ANSWER:**    Defendants admit the allegations of paragraph 31.

32.     The damage to the PHILLIPS products is excluded from coverage under Section 2(j)(4) of the policy because it was in the care, custody, or control of SOY CITY.

**ANSWER:**    Defendants deny the allegations contained in paragraph 32.

33.     The claims for breach of contract asserted in the underlying action are specifically excluded by the Breach of Contract Exclusion Endorsement to the ESSEX Policy.

**ANSWER:**    Defendants deny the allegations contained in paragraph 33.

34.     ESSEX has no duty to defend or indemnify SOY CITY against the underlying action.

**ANSWER:**    Defendants deny the allegations contained in paragraph 34.

35.     ESSEX has no duty to pay any judgment obtained against SOY CITY in the underlying action.

**ANSWER:**    Defendants deny the allegations contained in paragraph 35.

36.    Pursuant to 28 U.S.C. § 2201, *et seq.*, ESSEX is entitled to a judicial determination concerning the scope and nature of its rights and obligations, if any, under the policy issued to SOY CITY and those of all other parties to this action with respect to the underlying action.

**ANSWER:**    Defendants admit the allegations contained in paragraph 36.

WHEREFORE, Defendants, WILLIAM E. PHILLIPS COMPANY, INC. and FEDERAL INSURANCE COMPANY, respectfully requests that this Court enter judgment in its favor against the plaintiff.

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, WILLIAM E. PHILLIPS COMPANY, INC. and FEDERAL INSURANCE COMPANY, by their attorneys, SUDEKUM, CASSIDY & SHULRUFF, CHTD., and for their Affirmative Defenses in response to plaintiff's Complaint for Declaratory Judgment and Other Relief, and without prejudice to their Answer, states as follows:

### First Affirmative Defense

1.    That the Policy attached as Exhibit "B" to the Complaint for Declaratory Judgment provides coverage for damages resulting from the negligence of SOY CITY.  Thus, SOY CITY is liable to the defendants, notwithstanding the "Breach of Contract" exclusion.

### Second Affirmative Defense

2.    That the "Personal Property of Others" exclusion contained in the Policy, attached as Exhibit "B" to the Complaint for Declaratory Judgment, does not apply to PHILLIPS.  Under the Policy, SOY CITY is liable for its own negligence and for breach of bailment, whether or not there is a contract between SOY CITY and PHILLIPS.

9

**Third Affirmative Defense**

3.      The "Personal Property of Others" exclusion does not apply because the fire caused

damage to the property of both an ESSEX insured, SOY CITY, and PHILLIPS ("Other").

WHEREFORE, Defendants, WILLIAM E. PHILLIPS COMPANY, INC. and FEDERAL

INSURANCE COMPANY, pray this court enter judgment in its favor and against the plaintiff,

ESSEX INSURANCE COMPANY, and for such other relief as this court deems just and

appropriate.

Respectfully submitted,

SUDEKUM, CASSIDY & SHULRUFF, CHTD.


By: /S/ Lynette D. Simmons_____
        Attorney for Defendants,
        WILLIAM E. PHILLIPS COMPANY, INC.
        and FEDERAL INSURANCE COMPANY.

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
  and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone: (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

## CERTIFICATE OF SERVICE

I, Lynette D. Simmons, an attorney of record in this cause, hereby certify that on May 23, 2006, I caused a copy of the foregoing Defendants', William E. Phillips Company, Inc. and Federal Insurance Company, Answer and Affirmative Defenses to Complaint for Declaratory Judgment and Other Relief to be electronically served on all parties of record.

/S/ Lynette D. Simmons

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
   and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone:  (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com