**E-FILED**
Tuesday, 23 January, 2007  10:22:18 AM
Clerk, U.S. District Court, ILCD

WKM/PRR/blj                         8014-5001                         #1548745

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

ESSEX INSURANCE COMPANY,      )
                          )
       Plaintiff,          )
                          )
vs.                          )    NO.: *06 CV 2035*
                          )
SOY CITY SOCK COMPANY,      )
WILLIAM E. PHILLIPS COMPANY, INC.  )
and FEDERAL INSURANCE COMPANY,  )
                          )
       Defendants.      )

### *ESSEX INSURANCE COMPANY'S RULE 37(a) MOTION TO COMPEL ANSWERS TO WRITTEN DISCOVERY AND ENLARGEMENT OF TIME TO FILE DISPOSITIVE MOTIONS*

Now comes Plaintiff, Essex Insurance Company ("Essex"), and for its Rule 37(A) Motion To Compel Answers To Written Discovery And Enlargement Of Time To File Dispositive Motions, states as follows:

### *INTRODUCTION*

In this insurance coverage action, Essex seeks a declaration that it owes no defense or indemnity obligations to its insured, Soy City Sock Company ("Soy City"), for an underlying suit filed by Federal Insurance Company ("Federal") as subrogee of William E. Phillips Company ("Phillips"). In the underlying action, Federal alleges that Soy City entered into a written and/or oral contract with Phillips, which required Soy City store, package and ship certain property owned by Phillips at the Soy City warehouse. Subsequently, a fire occurred at the Soy City warehouse allegedly destroying $550,000 worth of Phillips' property.

In this action, Essex seeks a declaration that it does not owe any duty of defense or indemnity to its insured, Soy City. Along these lines, Essex has issued written discovery in this action which is the subject of this motion.

### SOY CITY'S FAILURE TO ANSWER DISCOVERY

On October 19, 2006, Essex propounded interrogatories and document requests to Soy City.

To date, Soy City has failed to respond to any written discovery.

On September 21, 2006 the parties filed their Joint Report which outlined an agreed to written discovery completion date of November 28, 2006. Subsequently, the parties agreed to extend that deadline to December 5, 2006.

On January 3, 2006, Counsel for Essex conferred and discussed with counsel for Soy City the overdue responses to written discovery, pursuant to FRCP 37(a). Counsel for Soy City indicated that answers to written discovery would be forthcoming on January 8, 2006. Further, in light of Soy City's late responses, Counsel for Soy City agreed to cooperate with each of the parties concerning seeking an adjustment to the Court's current case management order which has a dispositive motion cutoff of January 29, 2007. Attached hereto as Exhibit A is correspondence confirming the discussion between counsel.

### THE COURT SHOULD COMPEL SOY CITY TO ANSWER
### ESSEX'S DISCOVERY REQUESTS AND ENLARGE THE TIME FOR PARTIES TO FILE
### DISPOSITIVE MOTIONS

Essex is entitled to develop its record through discovery concerning the coverage issues in the instant case. To date, Soy City has not interposed any objection to the written discovery and has nevertheless failed to answer same. Soy City's failure to respond to discovery has prejudiced Plaintiff's ability to prepare a dispositive motion or even discern whether depositions

are necessary. Counsel for Soy City has no objection to alteration of the case management order to accommodate the parties' discovery needs.

### *CERTIFICATION UNDER RULE 37*

In support of this motion, Essex relies, in part, upon the certification under Rule 37 of Peter R. Ryndak attached hereto as Exhibit B.

WHEREFORE, Essex prays for an order compelling Essex's answers to all outstanding written discovery, within seven days. Further, Essex prays that thereafter the parties be given forty-five days to complete any necessary depositions revealed by the discovery responses and the filing of dispositive motions. Further, Essex seeks an adjustment to the Court's case management order which would allow parties more time to complete the discovery contemplated herein and file dispositive motions.

Respectfully submitted this 23rd day of January, 2007.


ESSEX INSURANCE COMPANY


By:_____*/s/ Peter R. Ryndak*_____
                            Peter R. Ryndak

William K. McVisk
Peter R. Ryndak
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603-5404
(312) 372-0770

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that Essex Insurance Company's **_Rule 37(A) Motion To Compel Answers To Written Discovery And Enlargement Of Time To File Dispositive Motions_** was served by operation of the Court's electronic filing system upon CM/ECF registered counsel, on **January 23, 2007**.

_____/s/ Betty L. Johnson_____

**E-FILED**
Tuesday, 23 January, 2007  10:23:10 AM
Clerk, U.S. District Court, ILCD

January 5, 2007

Mr. David K. Cox
155 East Bodman Street
P.O. Box 17
Benbent, Illinois  61813

*(312) 984-0246*
*ryndakp@jbltd.com*

      **Re:**    **Essex Insurance Company vs. Soy City Sock Company, et al.**
            **Court No.:**    **06 CV 2035**
            **Our File No.:**  **8014-5001**

Dear Mr. Cox:

In follow up to our conversation of January 3, 2007 with respect to your answers to written discovery, please allow this to confirm that you indicated that initial responses would be forthcoming by January 8, 2007.

Based upon our conversation, I understand that you have been in and out of the office for the past six weeks tending to personal matters.  We discussed the possibility of asking the court to adjust our discovery schedule and perhaps move the dispositive motion deadline based upon your inability to be in the office, recently.  Since our conversation, I have discovered that the dispositive motion date is January 29, 2007.  Depending upon what your answers to interrogatories reveal, I may want to take a deposition, but am not presently in a position to make that determination.

In the event that it becomes necessary to ask the court for a revised discovery schedule, I would ask permission from you to disclose to the court, only in the most general sense, the nature of the business which kept you out of the office.  At your earliest convenience, please advise me accordingly.

Please also be advised that I consider our conversation and this correspondence to be pursuant to Rule 37(a)(2)(b) of the Rules of Civil Procedure, and as an effort to resolve an issue concerning discovery.

Very truly yours,

JOHNSON & BELL, LTD.

Peter R. Ryndak

PRR/lf:blj
#1537717



EXHIBIT

*A*

WKM/PRR/blj                    8014-5001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO.: *06 CV 2035* |
| | ) | |
| SOY CITY SOCK COMPANY, | ) | |
| WILLIAM E. PHILLIPS COMPANY, INC. | ) | |
| and FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATION UNDER RULE 37 OF PETER R. RYNDAK
### IN SUPPORT OF ESSEX'S MOTION TO COMPEL ANSWERS TO
### WRITTEN DISCOVERY AND ENLARGMENT OF TIME TO FILE DISPOSITIVE
### MOTIONS

Peter R. Ryndak, being first duly sworn on oath, states that if called to testify in this matter, he would competently do so as follows:

1.    I am one of the attorneys for Essex in the above captioned proceeding.

2.    Each of the paragraphs contained in Essex's Motion to Compel Answers toWritten Discovery and Enlargement of Time to File Dispositive Motions is true and accurate, to the best of my knowledge.

3.    I have attempted through written correspondence and telephone conferences to obtain Soy City's compliance with Essex's discovery requests.

4.    Essex will be prejudiced if it is prevented from completing discovery as it will not have the opportunity to adequately prepare its dispositive motion for summary judgment.

EXHIBIT
B

6.    In light of the foregoing, I have, on behalf of Essex and pursuant to Rule 37 of FRCP attempted to resolve this dispute without court intervention by written correspondence and telephonic conversations with Soy City's counsel.

7.    Despite these good faith efforts, the parties have been unable to reach an accord.

Further affiant sayeth naught.


Respectfully submitted this 23nd day of Januray, 2007.

ESSEX INSURANCE COMPANY


By:_____/s/ Peter R. Ryndak_____
                              Peter R. Ryndak


William K. McVisk
Peter R. Ryndak,
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603-5404
(312) 372-0770


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above *CERTIFICATION UNDER RULE 37 OF PETER R. RYNDAK IN SUPPORT OF ESSEX'S MOTION TO COMPEL ANSWERS TO WRITTEN DISCOVERY AND ENLARGMENT OF TIME TO FILE DISPOSITIVE MOTIONS* was served by operation of the Court's electronic filing system upon CM/ECF registered counsel, on **Januray 23, 2007**.


_____/s/ Betty L. Johnson_____