112-CGI-290 (LDS/ad)                                                           Bar No. 6216851

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Court No. 06 CV 2035 |
| | ) | |
| SOY CITY SOCK COMPANY, | ) | |
| WILLIAM E. PHILLIPS COMPANY, INC. | ) | |
| and FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS', WILLIAM E. PHILLIPS COMPANY, INC.
## AND FEDERAL INSURANCE COMPANY, RESPONSE TO
## PLAINTIFF, ESSEX INSURANCE COMPANY'S
## <u>RULE 56 MOTION FOR SUMMARY JUDGMENT</u>

Now Come Defendants, WILLIAM E. PHILLIPS COMPANY, INC. ("Phillips") and

FEDERAL INSURANCE COMPANY ("Federal"), by and through their attorneys, SUDEKUM,

CASSIDY & SHULRUFF, CHTD., and for their Response to plaintiff, ESSEX INSURANCE

COMPANY'S ("Essex") Rule 56 Motion for Summary Judgment, states as follows:

### I. Background

1.      On February 15, 2006, Essex filed a declaratory judgment action against defendant,

SOY CITY SOCK COMPANY ("Soy City"), Phillips and Federal.

2.      On May 23, 2006, the defendants, Phillips and Federal, filed an Answer and

Affirmative Defenses to plaintiff's Complaint for Declaratory Relief.  (A copy of defendants'

Answer and Affirmative Defenses are attached hereto as Exhibit "1.")

3.      Pursuant to court order, written discovery was propounded and answered by all

parties.  However, no oral discovery was conducted.

## II.  Legal Standard

4.      Summary judgment is warranted if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Patrick Schaumburg Automobiles, Inc. v. Hanover Ins. Co.*, 452 F.Supp.2d 857 (N.D. Ill. 2006) citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

5.      In cases where the nonmoving party has the burden of persuasion at trial, the moving party's initial burden is either to produce evidence negating an element of the nonmoving party's claim, or to simply show "that there is an absence of evidence to support the nonmoving party's case." *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) citing *Celotex* at  477 U.S. at 325). If the moving party fails to meet its initial burden, the nonmoving party has no obligation to produce anything. *Patrick Schaumburg Automobiles, Inc. v. Hanover Ins. Co.*, 452 F.Supp.2d 857 (N.D. Ill. 2006).

6.      If, however, the moving party succeeds in meeting its initial burden, the burden shifts to the nonmoving party, who must demonstrate that there is a genuine issue for trial. *Id.*  In determining whether a genuine issue of material fact exists, the evidence is viewed and all inferences are drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Smith v. Ball State Univ.*, 295 F.3d 763, 767 (7th Cir. 2002).

7.    An issue is "genuine" when a trier of fact, viewing the evidence in a light most favorable to the nonmoving party, could reasonably find in favor of the nonmoving party. *Patrick Schaumburg Automobiles, Inc. v. Hanover Ins. Co.*, 452 F.Supp.2d 857 (N.D. Ill. 2006). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. A court's role on summary judgment is not to weigh evidence. At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*.

8.    To determine an insurer's duty to defend its insured, the court must look to the allegations of the underlying complaints. If the underlying complaints allege facts within or *potentially* within policy coverage, the insurer is obligated to defend its insured, even if the allegations are groundless, false or fraudulent. *Bolanowski v. McKinney, et al.,* 220 Ill.App.3d 910, 581 N.E.2d 345, 163 Ill.Dec. 294 (1991). An insurer may not justifiably refuse to defend an action against its insureds, unless it is *clear* from the face of the underlying complaint that the allegations fail to state facts, which bring he case within, or potentially within, the policy's coverage. *Id*. Emphasis in original. Moreover, if the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within a potential coverage of the policy. *Bolanowski v. McKinney, et al.,* 220 Ill.App.3d 910, 581 N.E.2d 345, 163 Ill.Dec. 294 (1991).

9.    The underlying complaints and the insurance policies must be liberally construed in favor of the insured . . . All doubts and ambiguities must be resolved in favor of the insured. *United States Fidelity and Guarantee Co. v. Wilkin Insulation Co. ,* 141 Ill.2d 64, 73 – 74 (1991); *Bolanowski v. McKinney, et al.,* 220 Ill.App.3d 910, 581 N.E.2d 345, 163 Ill.Dec. 294 (1991).

### III. Undisputed Facts

10.     Phillips and Federal do not dispute the allegations contained in the underlying complaint as cited by Essex and attached as Exhibit "A" to the Motion for Summary Judgment.

11.     Phillips and Federal do not dispute that the exclusionary language concerning the "care, custody or control," commonly known as the 'personal property of others' exclusion, is contained in the policy issued by Essex to Soy City Sock Company ("Soy City") and attached as Exhibit "C" to the Motion for Summary Judgment.

### IV. Disputed Facts

12.     Phillips and Federal dispute the application of what is referred to as either the "care, custody or control" or "personal property of others" exclusion to the facts of this case.

13.     Phillips and Federal asserted the following Affirmative Defense: The "personal property of others" exclusion does not apply because the fire caused damage to the property of both Essex insureds, Soy City and Phillips. (See Exhibit "1.")

14.     Essex relies heavily on the alleged fact that "there were no employees of Phillips present at the Soy City warehouse at the time of the fire." (Motion for Summary Judgment, p. 8.)

15.     Phillips disputes this characterization of the facts. It is undisputed that the arson fire occurred in the "early morning hours" of October 5, 2003 when no employees of either Soy City or Phillips were present. (See Exhibit "2," Report of Stivers & Powers, Inc., FED 00002 – 00010, pg. FED 00004.)

16.     Further, Essex claims that Phillips' employees made only "occasional" visits to the Soy City operation. Essex relies on Soy City's Answer to Interrogatory No.8 for this proposition. (See Exhibit "D" to Motion for Summary Judgment.)

17.     However, the interrogatories executed by Phillips and Federal indicate that at least three Phillips employees were present at the premises of the Soy City warehouse premises within 10 days of the fire.  (See Exhibits "3" and "4," Federal's and Phillips' Answers to Interrogatories, respectively.  See Interrogatory No. 7.)

18.     In discussing "possessory control," in the matter of *Bolanowski v. McKinney,* 220 Ill.App.3d 910, 581 N.E.2d 345, 163 Ill.Dec. 394 (1st Dist 1991), a case discussed extensively by the plaintiff on pg. 10 of their Motion for Summary Judgment, the *Bolanowski* court held that  "while the control exercised by the insured must be exclusive, it need not be continuous, and if the insured has possessory control at the time the property is damaged, the exclusion will apply."  *Id.*

19.     The court goes on to hold that an insured ***does not have*** "care, custody, or control" of another's property when the insured has "temporary or incidental access to the property or limited possession of an area of the property, rather than care, custody, or control of the property itself." *Id.* There has been no discovery on these issues.

20.     Moreover, the affidavit of Hugh Brooks states that the property was only on the premises of the Soy City warehouse for a temporary period of time.  (The Affidavit of Hugh Brooks is attached hereto as Exhibit "5.")

21.     Further, the court in *Bolanowski* held that the allegations of the plaintiff's complaint in the underlying suit and the record did not demonstrate that the defendants clearly had possessory control of the equipment at the time of the fire.  *Id.*

22.     Similarly, in the case at bar, there is no testimony or indication in the complaint as to the access Phillips Company had to its product while it was at the Soy City warehouse or how long the property was on the premises.  Thus, there is a material issue of fact with regard to whether the property was in the possessory control of Soy City at the time of the fire.

5

23.     Phillips and Federal contend that Phillips's access to the property and whether or not the property was in the insured's possession for a temporary period of time at the Soy City warehouse are matters for further discovery or trial.

WHEREFORE, Defendants, WILLIAM E. PHILLIPS COMPANY, INC. and FEDERAL INSURANCE COMPANY, request that this court enter an order consistent with this Response and deny Plaintiff, ESSEX INSURANCE COMPANY'S Motion for Summary Judgment.

Respectfully submitted,

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: /S/ Lynette D. Simmons
        Attorney for Defendants,
        WILLIAM E. PHILLIPS COMPANY, INC.
        and FEDERAL INSURANCE COMPANY.

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
    and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 1400
Chicago, Illinois 60602
Phone:  (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

6

### CERTIFICATE OF SERVICE

I, Lynette D. Simmons, an attorney of record in this cause, hereby certify that on June 7, 2007, I caused a copy of the foregoing Defendants', William E. Phillips Company, Inc. and Federal Insurance Company, Response to Plaintiff, Essex Insurance Company's Rule 56 Motion for Summary Judgment to be electronically served on all parties of record.


/S/ Lynette D. Simmons

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
   and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone: (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

112-CGI-290 (LDS/ad)                                                      Bar No. 6246851

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

ESSEX INSURANCE COMPANY,           )
                                   )
            Plaintiff,             )
                                   )
    vs.                            )        Court No. 06 CV 2035
                                   )
SOY CITY SOCK COMPANY,             )
WILLIAM E. PHILLIPS COMPANY, INC.  )
and FEDERAL INSURANCE COMPANY,     )
                                   )
            Defendants.            )

## DEFENDANTS', WILLIAM E. PHILLIPS COMPANY, INC.
## AND FEDERAL INSURANCE COMPANY,
## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT
## FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Defendants, WILLIAM E. PHILLIPS COMPANY, INC. ("PHILLIPS") and FEDERAL

INSURANCE COMPANY ("FEDERAL"), by and through their attorneys, SUDEKUM, CASSIDY

& SHULRUFF, CHTD., state by way of Answer to the Complaint for Declaratory Judgment and

Other Relief filed by the plaintiff, ESSEX INSURANCE COMPANY ("ESSEX"), as follows:

### INTRODUCTION

1.      This declaratory action is brought pursuant to 28 U.S.C. § 2201, *et seq.*, and involves

the respective rights and duties between ESSEX, SOY CITY, PHILLIPS and FEDERAL, arising out

of claims for insurance coverage for an alleged warehouse fire occurring in Decatur, Illinois.

    **ANSWER:**     Defendants admit the allegations of paragraph 1.

2.      In this insurance coverage action, ESSEX seeks a declaration that it owes no duty to

defend or indemnify SOY CITY with respect to claims for property damage and owes no duty to

defend SOY CITY with respect to an underlying action filed in the United States District Court for

the Central District of Illinois, Urbana Division styled *Federal Insurance Company as subrogee of*



EXHIBIT
1

*William E. Phillips Company, Inc. v. Soy City Sock Company* and given Case No. 2: 05-CV-02229-

HAB-DGB (the "underlying action," the "underlying Complaint"). (Attached hereto as **Exhibit A**

is a copy of the underlying Complaint.)

> **ANSWER:** Defendants admit that the above action was filed and admit that Exhibit A is a copy of the underlying complaint. Defendants deny the remaining allegations of paragraph 2, as the underlying action and the underlying Complaint speak for themselves.

## THE PARTIES

3.      Plaintiff, ESSEX, is organized under the laws of Delaware with its principal place

of business in Virginia, and issued a commercial general liability policy to SOY CITY for the policy

period of March 6, 2003 to March 6, 2004 and given Policy No. IL130100048.

> **ANSWER:** Defendants admit the allegations of paragraph 3.

4.      Defendant, SOY CITY, is an Illinois company engaged in a warehouse and insulation

manufacturing business with its principal place of business in Decatur, Illinois.

> **ANSWER:** Defendants admit the allegations of paragraph 4.

5.      Defendant, PHILLIPS, is, upon information and belief, an Illinois corporation with

its principal place of business in Illinois and is engaged in the business of manufacturing materials

used to clean up oil spills.

> **ANSWER:** Defendants admit the allegations of paragraph 5.

6.      Defendant, FEDERAL, is a corporation organized and existing under the laws of the

State of Indiana, having its principal place of business in Warren, New Jersey. FEDERAL issued

a First Party Property insurance policy to PHILLIPS.

> **ANSWER:** Defendants admit the allegations of paragraph 6.

2

**JURISDICTION – VENUE**

7.    The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, in that the plaintiff and defendants are citizens of different states and/or foreign states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

**ANSWER:**    Defendants admit the allegations of contained in paragraph 7.

8.    Venue in this case is the Central District of Illinois pursuant to 28 U.S.C. § 1391, as the events giving rise to the claims at issue occurred within this District.

**ANSWER:**    Defendants admit the allegations contained in paragraph 8.

**THE ESSEX POLICY**

9.    ESSEX issued a general commercial liability policy to SOY CITY for the period of March 6, 2003 to March 6, 2004 ("policy").  (Attached hereto as **Exhibit B** is a copy of the policy.)

**ANSWER:**    Defendants admit the allegations contained in paragraph 12.  Defendants further admit a copy of the policy is attached as Exhibit B.

10.    The policy has liability limits of $1,000,000 per occurrence and $1,000,000 in the aggregate.

**ANSWER:**    Defendants admit the allegations contained in paragraph 10.

11.    The policy was issued to SOY CITY at its offices located in Maroa, Illinois.  The named insured on the policy is SOY CITY SOCK COMPANY.

**ANSWER:**    Defendants have no knowledge concerning where the policy was issued and, therefore, deny that it was issued in Maroa, Illinois.  Defendants admit the remaining allegations of paragraph 11.

3

12.    The Coverage grant of the policy reads in relevant part:

I.    Insuring Agreement

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages....

* * *

b.    This insurance applies to "bodily injury" and "property damage" only if:

1.    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;

2.    The "bodily injury" or "property damage" occurs during the policy period; . . .

**ANSWER:**    Defendants admit the language cited in paragraph 12 is contained in the policy.

13.    The policy also contains the following relevant exclusion:

2.    Exclusions

This insurance does not apply to:

* * *

j.    Damage to property

"Property damage" to:

* * *

3.    Property loaned to you;

4.    Personal property in the care, custody or control of the insured;

**ANSWER:**    Defendants admit the language cited in paragraph 13 is contained in the policy.

14.    The Policy also contains an endorsement bearing form No. M/E-026 (10/99) which excludes coverage for breach of contract.  The endorsement provides as follows:

4

### BREACH OF CONTRACT EXCLUSION

This insurance does not apply to claims for breach of contract, whether express or oral, nor claims for breach of an implied in law or implied in fact contract, whether "bodily injury," "property damage," advertising injury," "personal injury," or an "occurrence" or damages of any type is alleged; this exclusion also applies to any additional insureds under this policy. Furthermore, no obligation to defend will arise or be provided by us for such excluded claims.

**ANSWER:**   Defendants admit the language cited in paragraph 14 is contained in the policy.

15.     The Policy also contains a Combination General Endorsement bearing form No. M/E-001 (4/00) which provides at paragraph 10, in relevant part as follows:

### COMBINATION GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY.

\* \* \*

10.     Duty to Defend: Where there is no coverage under this policy, there is no duty to defend.

**ANSWER:**   Defendants admit the language cited in paragraph 15 is contained in the policy.

## THE UNDERLYING ACTION

16.     FEDERAL filed the underlying action as subrogee of PHILLIPS in the United States District Court for the Central District of Illinois, Urbana Division.

**ANSWER:**   Defendants admit the allegations contained in paragraph 16.

17.     The underlying action alleges that PHILLIPS is in the business of manufacturing materials used to clean up oil spills.

**ANSWER:**   Defendants admit the allegations contained in paragraph 17.

18.     The underlying action also alleges that pursuant to a contract, SOY CITY was required to "store, package and ship" PHILLIPS' product from the SOY CITY warehouse located at 3205 North 22nd Street, Decatur, Illinois.

5

**ANSWER:**    Defendants admit the allegations contained in paragraph 18.

19.    The underlying Complaint further alleges that on or about October 5, 2003 a fire occurred at the SOY CITY warehouse, allegedly destroying PHILLIPS' property which was stored and packaged at the warehouse by SOY CITY.

**ANSWER:**    Defendants admit the allegations contained in paragraph 19.

20.    As a result of the fire, PHILLIPS allegedly sustained damages in excess of $550,000.

**ANSWER:**    Defendants admit the allegations contained in paragraph 20.

21.    Pursuant to a First Party Property policy of insurance issued by FEDERAL to PHILLIPS, FEDERAL paid PHILLIPS approximately $550,000 to compensate PHILLIPS for its damaged property.  Thereafter and on or about October 13, 2005, FEDERAL filed the underlying Complaint as subrogee of PHILLIPS against SOY CITY SOCK alleging negligence, breach of contract, breach of warranty, and bailment.

**ANSWER:**    Defendants admit the allegations contained in paragraph 21.

## GENERAL ALLEGATIONS

22.    On November 18, 2005, SOY CITY, through its counsel, tendered the defense of the underlying action to ESSEX INSURANCE COMPANY, whereupon ESSEX began an investigation into the claim.

**ANSWER:**    Defendants have no knowledge of the allegations of paragraph 22 and, therefore, deny the same and demand strict proof thereof.

23.    Pursuant to the agreement referenced in the underlying Complaint, SOY CITY stored PHILLIPS' product in sixty inch wide master rolls at the SOY CITY warehouse.

6

**ANSWER:**   Defendants have no knowledge of the allegations of paragraph 23 and, therefore, deny the same and demands strict proof thereof.

24.     SOY CITY's employees would then cut the raw material down to squares to fill orders of PHILLIPS' customers.  Thereafter, SOY CITY would ship the product to the intended PHILLIPS' customer.

**ANSWER:**   Defendants admit the allegations contained in paragraph 24.

25.     The fire, which allegedly destroyed PHILLIPS' property, was deemed to be arson by the local authorities.

**ANSWER:**   Defendants admit that the fire was an arson fire.  Defendants have no knowledge of the remaining allegations of paragraph 25 and, therefore, deny the same and demand strict proof thereof.

26.     At the time of the fire and immediately preceding the fire, there were no employees or staff from PHILLIPS at the SOY CITY warehouse.

**ANSWER:**   Defendants have no knowledge of the allegations of paragraph 26 and, therefore, deny the same and demand strict proof thereof.

27.     At all relevant times, SOY CITY employees performed the storage, the packaging, and shipping of PHILLIPS' products.

**ANSWER:**   Defendants admit the allegations contained in paragraph 27.

## THE EXPRESS TERMS OF THE ESSEX POLICY BAR COVERAGE

28.     PHILLIPS stored its products at the SOY CITY warehouse pursuant to a contract between PHILLIPS and SOY CITY.

**ANSWER:**   Defendants admit the allegations contained in paragraph 28.

7

29.    Once PHILLIPS product was stored at the SOY CITY warehouse, PHILLIPS did not exercise any possessory control over the product.

**ANSWER:**    Defendants deny the allegations contained in paragraph 29.

30.    Under the contract between PHILLIPS and SOY CITY, SOY CITY undertook the obligation to store, package, and ship the products.

**ANSWER:**    Defendants admit the allegations contained in paragraph 30.

31.    The PHILLIPS products were in SOY CITY'S exclusive care, custody or control.

**ANSWER:**    Defendants admit the allegations of paragraph 31.

32.    The damage to the PHILLIPS products is excluded from coverage under Section 2(j)(4) of the policy because it was in the care, custody, or control of SOY CITY.

**ANSWER:**    Defendants deny the allegations contained in paragraph 32.

33.    The claims for breach of contract asserted in the underlying action are specifically excluded by the Breach of Contract Exclusion Endorsement to the ESSEX Policy.

**ANSWER:**    Defendants deny the allegations contained in paragraph 33.

34.    ESSEX has no duty to defend or indemnify SOY CITY against the underlying action.

**ANSWER:**    Defendants deny the allegations contained in paragraph 34.

35.    ESSEX has no duty to pay any judgment obtained against SOY CITY in the underlying action.

**ANSWER:**    Defendants deny the allegations contained in paragraph 35.

36.    Pursuant to 28 U.S.C. § 2201, *et seq.*, ESSEX is entitled to a judicial determination concerning the scope and nature of its rights and obligations, if any, under the policy issued to SOY CITY and those of all other parties to this action with respect to the underlying action.

**ANSWER:**    Defendants admit the allegations contained in paragraph 36.

WHEREFORE, Defendants, WILLIAM E. PHILLIPS COMPANY, INC. and FEDERAL INSURANCE COMPANY, respectfully requests that this Court enter judgment in its favor against the plaintiff.

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, WILLIAM E. PHILLIPS COMPANY, INC. and FEDERAL INSURANCE COMPANY, by their attorneys, SUDEKUM, CASSIDY & SHULRUFF, CHTD., and for their Affirmative Defenses in response to plaintiff's Complaint for Declaratory Judgment and Other Relief, and without prejudice to their Answer, states as follows:

### First Affirmative Defense

1.    That the Policy attached as Exhibit "B" to the Complaint for Declaratory Judgment provides coverage for damages resulting from the negligence of SOY CITY. Thus, SOY CITY is liable to the defendants, notwithstanding the "Breach of Contract" exclusion.

### Second Affirmative Defense

2.    That the "Personal Property of Others" exclusion contained in the Policy, attached as Exhibit "B" to the Complaint for Declaratory Judgment, does not apply to PHILLIPS. Under the Policy, SOY CITY is liable for its own negligence and for breach of bailment, whether or not there is a contract between SOY CITY and PHILLIPS.

9

### Third Affirmative Defense

3.    The "Personal Property of Others" exclusion does not apply because the fire caused damage to the property of both an ESSEX insured, SOY CITY, and PHILLIPS ("Other").

WHEREFORE, Defendants, WILLIAM E. PHILLIPS COMPANY, INC. and FEDERAL INSURANCE COMPANY, pray this court enter judgment in its favor and against the plaintiff, ESSEX INSURANCE COMPANY, and for such other relief as this court deems just and appropriate.

Respectfully submitted,

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: /S/ Lynette D. Simmons_____
        Attorney for Defendants,
        WILLIAM E. PHILLIPS COMPANY, INC.
        and FEDERAL INSURANCE COMPANY.

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
   and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone:  (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

10

## CERTIFICATE OF SERVICE

I, Lynette D. Simmons, an attorney of record in this cause, hereby certify that on May 23, 2006, I caused a copy of the foregoing Defendants', William E. Phillips Company, Inc. and Federal Insurance Company, Answer and Affirmative Defenses to Complaint for Declaratory Judgment and Other Relief to be electronically served on all parties of record.

/S/ Lynette D. Simmons

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
  and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone:  (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

E-FILED
Thursday, 07 June, 2007  01:41:39 PM
Clerk, U.S. District Court, ILCD



# Stivers & Powers, Inc.

817 South Grand Avenue West
P.O. Box 5253
Springfield, Illinois 62705

Jim Stivers
Jack Powers
Doug Wilcox
Ron Elliott

**FIRST REPORT**

(217)523-2322
FAX(217) 523-0264

October 15, 2003

Mr. Joe Ariss
Chubb Group of Insurance
P. O. Box 724
Geneva, IL  60134



EXHIBIT
2

RE:     INSURED:     Wm. Phillips Co., Inc.
        LOCATION:    3205 N 22nd Street, Decatur, IL
        T/LOSS:      Fire/Vandalism
        D/LOSS:      10/5/03
        POLICY NO:   35392259
        FILE NO:     53103

<u>SOURCE AND DATE OF ASSIGNMENT</u>



The assignment was received from Mary White on 10/6/03 for a full adjustment.  My initial inspection was completed the same day the loss was received.

<u>ENCLOSURES</u>

1.      Executed Non-Waiver Agreement
2.      Diagram of warehouse with layout of floor plan
3.      Inventory of equipment owned by Wm. E. Phillips Co, Inc.
4.      Wm. E. Phillips Co. inventory status report dated 10/11/03
5.      GFC Leasing – Lease payoff invoice for Sharp AR207 digital copier
6.      DIR Installations, Inc. – original invoice for purchase and installation of racks and bins
7.      Fax correspondence received from Theodore Spak & Associates, Inc. and attached documentation – 3 pages
8.      57 Photographs
9.      5- Photographs depicting panoramic view of front warehouse area
10.     Inventory of stock and supplies taken 10/13 and 14/03 – 58 pages
11.     Spill 911catalog
12.     Absorbents – Specialty Oil Sorbents catalog
13.     Peerless Cleaners cleaning estimate for machines

**FED 00002**

INVESTIGATIONS                    APPRAISALS                    ADJUSTMENTS

Page    2

ESTIMATE – PREMISES #2

| | |
|---|---|
| Personal Property | $ 792,000.00 |
| Business Income/Extra Expense | $Undetermined |

ABSTRACT OF COVERAGE

Copies of the policy declaration pages were provided by the claims representative at the time this loss was assigned.  As you are aware, I have requested a complete copy of the policy to review to determine all applicable and appropriate coverages for the loss.

According to the coverage information provided with the assignment, Premises #2 located at 3205 North 22nd Street, Decatur, IL is involved in this loss.  Property coverages are provided under policy number 3539-22-59TG and has an active policy period from January 1, 2003 through January 1, 2004.  The policy carries a $1,000.00 deductible.  Business income with extra expense coverage is provided under a blanket limit of $648,900.00 and subject to a 50% co-insurance with no waiting period.  The blanket limit of coverage for business income with extra expense applies to all three locations listed on the policy.

Personal property coverage at premises #2 is limited to $850,000.00 with an automatic increase of limits of 3% and a co-insurance requirement of 90%.  The property insurance schedule of forms indicates several other policy forms and endorsement which will require being reviewed for their applicability once a complete copy of the policy, forms and endorsements have been received.

The insured denies the existence of any other contributing insurance for this loss.

RISK

Specialty Oil Sorbents is a division of William E. Phillips Co., Inc. operating as a master distributor and converter of specialized absorbent materials and supplies.    The operations of distribution, warehousing and converting are completed solely at the loss location listed as premises #2 on the policy.   The business is operated out of a warehouse owned by David Campfield, and warehouses a wide variety of absorbent products for various applications.   These products are used for the clean up and absorption of chemical and oil spills.  Some of the stock is purchased directly from other supplies and warehoused at this location until it is shipped to their customers.  A portion of the stock is purchased as raw materials to be converted, packaged at this location and then shipped to their customers.

A diagram of the warehouse and production rooms has been furnished with this report.  As mentioned earlier, the building is owned by David Campfield and William E. Phillips uses the majority of the facility for their warehouse, distribution and conversion operations.   The building contains approximately 88,563 square feet warehouse and production space.  The office area located at the front of the building is not used by any of the operations conducted on behalf of Wm. E. Phillips.  It was also noted that

**FED 00003**

Page    3

David Campfield, Jr., stores inventory in the back warehouse and has nothing to do with the business conducted by Wm. E. Phillips.

Wm. E. Phillips Co. does not have a written lease agreement with David Campfield for the use of the facilities. They have been operating under a verbal agreement by which David Campfield provides the use of the facility for storage and conversion and he supplies the building and labor for the conversion of the product. Wm. E. Phillips Co., Inc. has no employees of their own located at this facility. David Campfield invoices Wm. E. Phillips Co. monthly for the labor involved with the converting of the products, maintenance on the machinery and running the warehouse operations.

Kris Flint, Controller for Specialty Oil Sorbents, said the agreed rent for the facility is $13,200.00 per month, however, the average expense paid to David Campfield for the building and labor averages between $35,000.00 and $40,000.00 per month. Wm. E. Phillips Co., Inc. is also responsible for paying all utilities at the warehouse location.

The machines used in converting the products are owned by the insured and leased back to the company for tax benefit purposes.

The corporate office is located in Aurora, Illinois. Ms. Flint visits the location weekly to oversee operations and track inventory. Specialty Oil Sorbents began operating out of this facility in September 2002.

OWNERSHIP/LEGAL INTEREST

Hugh and Kathy Brooks are the owners of the business and act as President and Vice President of the company and have owned the business about 2 years.

I am unaware of any additional interests associated with the business.

CAUSE OF LOSS

This loss results from a fire that occurred in the early morning hours on October 5, 2003. Information provided at my initial inspection indicated this fire was intentionally set.

ADJUSTMENT
Determination of Value

Value calculations for stock, machines, fixtures and equipment have been estimated as follows:

| | |
|---|---|
| Stock | $ 541,051.00 |
| Machinery | $ 178,000.00 |
| Racks/bins | $  70,250.00 |
| Dell Computer/printer | $   1,800.00 |
| Sharp copier | $   5,000.00 |
| Total | $ 796,101.00 |

FED 00004

Page    4

The valuations listed above for stock were obtained from the inventory records provided by Kris Flint which was calculated on 10/11/03. The purchase prices for the machinery and the invoice for the installation of racks and bins when originally installed are the basis for these values. The insured will provide documentation to support the Dell computer and printer as well as the copy machine which is being leased to own from GFC Leasing.

Value calculations based upon the actual physical inventory recently taken will be provided in a subsequent report in order to determine compliance with the co-insurance requirement of the policy.

Scope of Damage

Business Personal Property/Equipment

As evidenced by the photographs provided with this report, the majority of the damage caused by the fire was contained to the front warehouse area. However, heat, smoke and water damage did occur throughout the entire building. The front warehouse area where the most damage to stock occurred measures 178' x 207' and the rear warehouse measures 150' x 207'. These areas contain both finished product ready for distribution and raw materials.

The building is equipped with a sprinkler system, only the sprinkler system in the front warehouse area was activated by the fire. Water damage occurring in the back warehouse was the result of runoff from the front warehouse. All stock in the front warehouse was soaked with water from the sprinklers and the back suffered extensive heat and smoke damage to the inventory stored higher on the racks.

The stacker rooms and sample area located on the east end of the building suffered smoke and runoff water damage from the sprinklers as well.

The machines used in the conversion process were located in the two stacker rooms on the east end of the building and sustained only smoke damage. The sample area is located in this portion of the building and consists of a long hallway measuring approximately 156' x 25'. This is where boxes of opened product were kept and used to fill spill kits. Spill kits are large drums or plastic tubs which are filled with various absorbent products to be sold and shipped to other distributors and customers.

The shelving, racks and bins on which the inventory is stored in both the front and back warehouses is owned by Wm. E. Phillips Co. There is a section in the front warehouse that was too badly damaged due to direct contact with fire, it will require replacement and the remaining racks and bins are to be power washed on site, dismantled and moved to the new location in Monticello and reassembled.

Business Income/Extra Expense

As we recently discussed, you will assume the handling of the business interruption portion of this claim.

Since this is the only facility that Wm. E. Phillips Co. utilizes for warehousing and distribution, it was imperative that they find an alternative location at which to continue operations.

The insured has found another location in Monticello, Illinois which is also owned by David Campfield. The insured is intending to relocate their operations to the Monticello facility. The new facility will provide approximately 250,000 square feet and they will continue operations there with the same employees of Mr. Campfield. The insured has provided no documentation to support any of the operation expenses related to the loss location or the new location that they will be moving too. In an effort to get a grasp on the overall expenses and revenues associated with Specialty Oil Sorbents, I requested copies of profit and loss statements and a copy of their most recent tax return filed. Kris Flint said the business does about $400,000.00 in sales per month which yields a profit of $92,000.00 to $105,000.00 per month.

<u>What Has Been Done</u>

Immediately upon receiving this loss, arrangement were made to meet Kris Flint and Scott Webb, who is a sale representative for Specialty Oil Sorbents, at the loss location. Due to the nature of this loss and at the request of the original file handler, a cause and origin investigator was involved and a Non-Waiver obtained. Bellis Investigations was contacted and arrangements were made for Andy Bellis to also meet at the loss location that day.

Andy Bellis began his investigation and was able to determine that there were approximately 5 separate locations throughout the building where fires appeared to be intentionally set. Mr. Bellis has advised that the investigation of the matter is currently ongoing and he intends to report his findings directly to you.

Based on my initial impression of the amount of inventory involved and the condition of the stock in both the front and back areas of the warehouse, it appeared that a lot of the stock stood a very good chance of being salvaged or restored. In an effort to determine whether or not any of the stock stood any chance of being cleaned, I contacted Peerless Cleaners of Decatur, IL and requested a representative from their company visit the loss location and walk through the inventory with me to see if it could be removed, cleaned and moved into storage at another location.

The option of cleaning the damaged stock was met with opposition by Kris Flint, Kathy and Hugh Brooks and they expressed their concern in trying to clean a damaged product to be sold again as new. They also expressed their concern that due to the nature of this product, both by its use and composition, that any exposure to excessive heat, moisture or smoke may have compromised the functionality of the absorbent products for its intended use. Brad Wike, of Peerless Cleaners proposed that some of the inventory that did not suffer direct damage from fire or was not exposed to extreme heat from being stored on the higher racks, could possibly be removed from the site, removed from it's packaging and deodorized in ozone chambers to then be repackaged and moved to another location to be put back into inventory. Hugh

Page    6

Brooks and Kris Flint were again concerned that exposure to ozone or any other types of cleaning chemicals that maybe used to deodorize the product could still compromise its functionality for its end use.  It is also questionable whether or not the labor costs involved with removing the damaged stock, repackaging and deodorization would be worth the actual cost of the material itself.  I again requested at least the opportunity to review the numbers involved with the cleaning option versus the cost of the product and ask that they consider the option.  To date, Peerless Cleaners has not attempted to clean any of the stock to see if cleaning will work and the insured maintains that all stock is a total loss.

On October 8th Doug Wilcox of our firm and I met with Kris Flint and Kathy Brooks to discuss the business operations in detail and began our assessment of the inventory and loss.  Due to safety concerns involving the structural integrity of the interior wall and roof area of the front warehouse, we were limited in our ability to inventory that area until such time as bracing was installed to shore up the roof and wall.  At that meeting, I requested profit and loss statements on the business and a copy the Articles of incorporation. Kris Flint was in the process of obtaining a record of the last inventory taken at the warehouse done approximately 6 weeks prior to the date of loss.  Another meeting was scheduled for October 9th when we would begin a joint inventory of all of the stock, fixtures, equipment and business personal property at the loss location.

On October 9th, I received a telephone call from Eugene Jackson of Theodore Spak & Associates, Inc. who is the public adjuster representing Wm. E. Phillips Co. in their loss. Mr. Jackson requested rescheduling of our meeting until he could be present when we took the inventory.

On October 13th and 14th, we met with Mr. Jackson and Kris Flint and completed an inventory of the stock and equipment.  Tom Cassidy of Stoner & Company whom you contacted arrived at the loss location on October 13th and walked through the warehouse areas to get an idea of the amount and type of stock to be salvaged.  Mr. Cassidy said he would be revisiting the loss location again this week to get a better idea on the amount of salvage and said he would be contacting me directly with this information.   A rep from peerless cleaners was also contacted and available on Monday October 13th to inspect the machinery and equipment to determine its cleanability and whether it can be cleaned and restored and moved to a new location to be used.  Peerless Cleaners has submitted a bid for the cleaning of the sheeters, stackers and industrial sonnic welder and rollers. Their estimate totals $8,735.00 and does not include any costs associated with disassembling and removing the equipment from the facility and set up at a new location.  The machinery was manufactured by Rosenthal and at the direction of the public adjuster the insured contacted the manufacturer and arranged for them to complete an inspection of the machines

I have provided a listing of the pieces of equipment and the costs of these items when purchased new.  All machinery was purchase within the last year at a total cost of $178,000.00 according to the figures given to me by Kris Flint.

FED 00007

Page     7

On October 15th, I met with Mr. Jackson and Pat Murphy who is a service technician for Rosenthal. Pat Murphy ran power to all machines and found that they were all in working condition. He recommended that the machines be thoroughly cleaned and that any parts that have contact with product or material would require cleaning. He mentioned that there are two rubber rollers on a sheeting machine which may require replacement if they are unable to clean off the soot that has settled on to them. The part price for replacing these two rollers is estimated at $1,500.00 per roller. He felt that based on the condition of the rollers he was confident they could be cleaned rather than be replaced. Rosenthal will provide an estimate for the cleaning of the machines on site and will also provide an estimate of the cost involved with the dismantling of the machines and setting them up and recalibrating them at the new location. The cost involved with shipping the machines from one location to the other will be done by someone else other than Rosenthal and is to be determined.

Some of the inventory in the back warehouse consisted of 30 and 55 gallon metal drums some of which were empty and some of which contained absorbent materials. It was agreed with the insured and public adjuster that these items were undamaged and could be cleaned and removed from the warehouse and stored at the new location in Monticello. These items were included in the overall inventory taken but they will not be considered as part of the inventory of the loss.

During the course of completing the inventory, I was able to inspect all of the products more closely and I tend to agree that very little if any of the stock can be cleaned and restored by Peerless Cleaners to be sold again as new. A lot of the boxes and plastic bags in the front warehouse were infiltrated by water from the sprinkler system and the items in the rear warehouse were stacked three tiers high and were exposed to extreme heat and soot. When the stock items were taken down from the upper shelves, many of the tops of the packages and containers were significantly melted or burned. It may be in our best interest to consider the salvage of these items through a salvor such as Stoner & Company versus attempting to clean the products and put them back into inventory for resale.

On 10/15 Tom Cassidy revisited the loss location with a salvage buyer from Iowa. A walk through of the damaged stock was completed with Tom Cassidy and he informed me he would be reporting back to both you and I regarding his assessment of the salvage value of the stock.

According to the numbers listed on the most recent inventory taken by Kris Flint the estimated value at cost of the stock and raw materials totals approximately $541,000.51. We have completed and reached an agreement on the actual physical inventory contained in the warehouse at the time of the fire. We were fortunate enough to be able to find almost all of the stock in those areas where the fire damage was the heaviest. Mr. Jackson and Kris flint have agreed to provide values for the stock listed on the inventory and will also be providing detail on which items in the inventory constitute raw material versus finished product.

Page    8

Mr. Jackson contends that any of the stock that was converted at the warehouse location is a finished good that was manufactured by the insured and should therefore be valued at the selling price not the actual cost. Kris Flint stated that of the estimated $541,000.00 in inventory on hand approximately $245,000.00 of that was raw materials that were to be converted into finished products. It is imperative that we review the policy coverage and reach an agreement on how we are going to proceed with the valuation of this portion of the inventory.

It was discussed and agreed with the public adjuster and Kris Flint that the inventory contained no sold goods or back order items. The inventory completed this week the insured and public adjuster is a complete inventory of all stock, fixtures, machinery and equipment. With the exception of what was directly destroyed by fire I have requested to the insured and public adjuster that all of the inventory be retained until we have come to an agreement on the total loss items and the salvageable stock.

DIR Installations, Inc. will be providing a quote on the cost for dismantling the racking and bins and the reinstallation at the new location. Their bid will also include power washing of the existing bins on site before being dismantled and moved. Mr. Jackson has agreed to provide this bid once it is obtained.

I have requested a copy of the lease agreement on the Sharp digital copier to determine who is responsible for insuring this piece of equipment. The copy machine is working but did suffer smoke damage and will require being cleaned.

The Dell computer owned by William E. Phillips Company was stolen by whomever entered the building and started the fire.

<u>What Is To Be Done</u>

1.    Reach an agreement with the public adjuster and the insured on the value of the stock inventory.
2.    Determine the costs involved with restoring and cleaning the machines.
3.    Reach an agreement with the insured and public adjuster on the actual amount of the loss associated with the inventory.
4.    Obtain a copy of the lease agreement on the Sharp copy machine.
5.    Obtain a copy of the Articles of Incorporation for the company
6.    Obtain and review a copy of the DIR Installation, Inc. bid for cleaning, disassembling and resetting of the racks and bins
7.    Determine compliance with co-insurance requirements.

<u>SALVAGE</u>

The salvage value of the inventory will be determined by Tom Cassidy of Stoner & Company.

Page    9

## USE OF EXPERTS

Bellis Investigations was contacted for the completion of a Cause and Origin investigation.  Mr. Bellis is proceeding with his investigation and will report his findings directly to you.

## FILE DIARY

Pending your review and response, I am diarying my file to November 16, 2003.

Cordially,

Ron Elliott

RE/vc

Enclosures

FED 00010

112-CGI-290 (LDS/ad)

**E-FILED**
Thursday, 07 June, 2007 01:41:59 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

ESSEX INSURANCE COMPANY,          )
                                  )
      Plaintiff,          )
                                  )
  vs.                           )          Court No. 06 CV 2035
                                  )
SOY CITY SOCK COMPANY,            )
WILLIAM E. PHILLIPS COMPANY, INC. )
and FEDERAL INSURANCE COMPANY,    )
                                  )
      Defendants.         )

### DEFENDANT, FEDERAL INSURANCE COMPANY'S
### ANSWERS TO PLAINTIFF'S INTERROGATORIES

NOW COMES the Defendant, FEDERAL INSURANCE COMPANY ("FEDERAL") by and through its attorneys, SUDEKUM, CASSIDY & SHULRUFF, CHTD., and in Answer to Plaintiff, ESSEX INSURANCE COMPANY's Interrogatories, states as follows:

1.    State the name, address, title, and job description of the person(s) answering these Interrogatories.

    **ANSWER:**    Norma Rhodes
                        Recovery Examiner
                        Chubb Group of Insurance Companies
                        P.O. Box 42065
                        Phoenix, AZ 85080-2076

2.    If the information used in answering these Interrogatories is gathered from any document or confirmed through any document and the document has not otherwise been produced in response to a specific request in the following Interrogatories, identify each document, the number(s) of the Interrogatory (ies) with respect to which it was consulted and attach hereto a copy of each document.

    **ANSWER:**    See answer to Interrogatory No. 2 to William E. Phillips Company, Inc.



EXHIBIT
3

3.    Identify each person not already named in your answer to Interrogatory No. 1 who provided information used to prepare Answers to these Interrogatories. For each person identified, set forth their title and number(s) of each Interrogatory with respect to which they provided any information.

**ANSWER:**    No one other than attorneys for Federal Insurance Company and William E. Phillips Company, Inc.

4.    Identify all facts upon which you base your contention that Federal Insurance is entitled to a defense and indemnity for the allegations contained in the underlying case.

**ANSWER:**    Objection. This question calls for a legal conclusion. Without waiving and subject to the foregoing objection, defendant contends that it is an insured under the at-issue contract of insurance.

5.    Identify all facts upon which you base your contention that Policy No. IL 130100048 obligates Essex to defend or indemnity Federal Insurance with respect to the underlying action.

**ANSWER:**    Objection. This question calls for a legal conclusion. Without waiving and subject to the foregoing objection, defendant contends that it is an insured under the at-issue contract of insurance.

6.    Identify all facts upon which you base your contention that the "care, custody or control" exclusion within the policy does not act as a bar to coverage for the underlying action.

**ANSWER:**    Objection. This question calls for a legal conclusion. Without waiving and subject to the foregoing objection, defendant contends that it is an insured under the at-issue contract of insurance.

7.    Identify all employees of William E. Phillips Company who were at the Soy City warehouse at or near the time of the fire.

**ANSWER:**    Upon information and belief, within 10 days of the fire, the following William E. Phillis Company employees were at or near the Soy City Warehouse:

2

        a)     Chris Flint;
        b)     Hugh Brooks and
        c)     Scott Webb.

8.     Identify all employees of William E. Phillips Company who were ever at the Soy City warehouse. For each, identify when each individual was present; what each individual did at the warehouse; and the purpose of the visit.

**ANSWER:**    Objection, this interrogatory is unlimited in time. Without waiving and subject to the foregoing objection, the individuals listed in Interrogatory No. 7 above, went to the Soy City Warehouse for the purpose of inspecting William E. Phillips' property to ensure that it had been cut or converted into the appropriate sizes for sale and production directly to William E. Phillips' customers.

9.     Identify when and the manner in which you provided notice of the underlying action to Essex.

**ANSWER:**    Through Essex insured, Soy City Sock Company.

10.    Identify all facts upon which you base your contention that the "breach of contract" exclusion as set forth in paragraph 14 of plaintiff's complaint herein does not preclude coverage for the underlying action.

**ANSWER:**    None.

11.    Identify all persons who performed work on the product of William E. Phillips Company at the Soy City warehouse. For each, identify who employed such persons, their dates of employment and their duties.

**ANSWER:**    Objection, this interrogatory is unlimited in time and is better directed to Soy City Sock Company. Without waiving and subject to the foregoing objection,

3

William E. Phillips has worked with the following individuals from Soy City since 2001, but is unaware of their "dates of employment" or exact duties:

a)    David Camfield, Sr.
      Owner and General Manager

b)    David Camfield, Jr.
      Operations Manager

c)    Rhonda Camfield
      Bookkeeper

d)    Five unknown laborers

In addition to their various job titles, it is my understanding that the individuals in (a) – (c) also engaged in the process of cutting or converting the product as described in Interrogatory No. 8.

12.    Identify all facts upon which you base your denial of paragraph 29 of Plaintiff's complaint herein.

**ANSWER:**    Objection. This interrogatory calls for a legal conclusion. Without waiving and subject to the foregoing objection, see answer to Interrogatory No. 8 above.

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: _____
Attorney for Defendants,
WILLIAM E. PHILLIPS COMPANY, INC.
and FEDERAL INSURANCE COMPANY.

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
   and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone: (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

## CERTIFICATION

Under penalties as provided by law pursuant to the Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in the Answers to Interrogatories are true and correct to the best of her knowledge and belief.

By: _____

Norma Rhodes
Recovery Examiner
Chubb Group of Insurance Companies

Dated: _12-4-06_

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
   and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone: (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

5

## CERTIFICATE OF SERVICE

I, Lynette D. Simmons, an attorney of record in this cause, hereby certify that on December 5, 2006, I caused a copy of the foregoing Defendant, Federal Insurance Company's Answers to Plaintiff's Interrogatories, by depositing the same in the U.S. mail at 20 North Clark Street, Chicago, Illinois, at or before 5:00 p.m., with proper postage prepaid, to the attached Service List.

By: _____
Attorney for Defendants,
WILLIAM E. PHILLIPS COMPANY, INC.
and FEDERAL INSURANCE COMPANY.

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
  and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone:  (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

**E-FILED**
Thursday, 07 June, 2007 02:03:16 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

ESSEX INSURANCE COMPANY,     )
    )
    Plaintiff,     )
    )
    vs.     )     Court No. 06 CV 2035
    )
SOY CITY SOCK COMPANY,     )
WILLIAM E. PHILLIPS COMPANY, INC. )
and FEDERAL INSURANCE COMPANY, )
    )
    Defendants.     )

### DEFENDANT, WILLIAM E. PHILLIPS COMPANY, INC.'S
### ANSWERS TO PLAINTIFF'S INTERROGATORIES

NOW COMES the Defendant, WILLIAM E. PHILLIPS COMPANY, INC. ("PHILLIPS"), by and through its attorneys, SUDEKUM, CASSIDY & SHULRUFF, CHTD., and in Answer to Plaintiff, ESSEX INSURANCE COMPANY's Interrogatories, states as follows:

1.     State the name, address, title, and job description of the person(s) answering these Interrogatories.

    **ANSWER:**     Mr. Hugh Brooks
    President
    William E. Phillips Company, Inc.
    3620 Swenson Avenue
    St. Charles, Illinois 60174

2.     If the information used in answering these Interrogatories is gathered from any document or confirmed through any document and the document has not otherwise been produced in response to a specific request in the following Interrogatories, identify each document, the number(s) of the Interrogatory (ies) with respect to which it was consulted and attach hereto a copy of each document.



EXHIBIT
4

**ANSWER:**    All relevant documents have been produced or made available for copying.

3.    Identify each person not already named in your answer to Interrogatory No. 1 who provided information used to prepare Answers to these Interrogatories. For each person identified, set forth their title and number(s) of each Interrogatory with respect to which they provided any information.

**ANSWER:**    No one other than my attorneys.

4.    Identify all facts upon which you base your contention that William E. Phillips is entitled to a defense and indemnity for the allegations contained in the underlying case.

**ANSWER:**    Objection. This question calls for a legal conclusion. Without waiving and subject to the foregoing objection, defendant contends that it is an insured under the at-issue contract of insurance.

5.    Identify all facts upon which you base your contention that Policy No. IL 130100048 obligates Essex to defend or indemnity William E. Phillips with respect to the underlying action.

**ANSWER:**    Objection. This question calls for a legal conclusion. Without waiving and subject to the foregoing objection, defendant contends that it is an insured under the at-issue contract of insurance.

6.    Identify all facts upon which you base your contention that the "care, custody or control" exclusion within the policy does not act as a bar to coverage for the underlying action.

**ANSWER:**    Objection. This question calls for a legal conclusion. Without waiving and subject to the foregoing objection, defendant contends that it is an insured under the at-issue contract of insurance.

7.    Identify all employees of William E. Phillips Company who were at the Soy City warehouse at or near the time of the fire.

**ANSWER:**    Within 10 days of the fire, the following William E. Phillis Company employees were at or near the Soy City Warehouse:

2

a)    Chris Flint;
b)    Hugh Brooks and
c)    Scott Webb.

8.    Identify all employees of William E. Phillips Company who were ever at the Soy City warehouse. For each, identify when each individual was present; what each individual did at the warehouse; and the purpose of the visit.

**ANSWER:**    Objection, this interrogatory is unlimited in time. Without waiving and subject to the foregoing objection, the individuals listed in Interrogatory No. 7 above, went to the Soy City Warehouse for the purpose of inspecting William E. Phillips' property to ensure that it had been cut or converted into the appropriate sizes for sale and production directly to William E. Phillips' customers.

9.    Identify when and the manner in which you provided notice of the underlying action to Essex.

**ANSWER:**    I was notified by my attorneys.

10.    Identify all facts upon which you base your contention that the "breach of contract" exclusion as set forth in paragraph 14 of plaintiff's complaint herein does not preclude coverage for the underlying action.

**ANSWER:**    None.

11.    Identify all persons who performed work on the product of William E. Phillips Company at the Soy City warehouse. For each, identify who employed such persons, their dates of employment and their duties.

**ANSWER:**    Objection, this interrogatory is unlimited in time and is better directed to Soy City Sock Company. Without waiving and subject to the foregoing objection, William E. Phillips has worked with the following individuals from Soy City since 2001, but is unaware of their "dates of employment" or exact duties:

3

a)   David Camfield, Sr.
     Owner and General Manager

b)   David Camfield, Jr.
     Operations Manager

c)   Rhonda Camfield
     Bookkeeper

d)   Five unknown laborers

In addition to their various job titles, it is my understanding that the individuals in (a) – (c) also engaged in the process of cutting or converting the product as described in Interrogatory No. 8.

12.   Identify all facts upon which you base your denial of paragraph 29 of Plaintiff's complaint herein.

**ANSWER:**   Objection. This interrogatory calls for a legal conclusion. Without waiving and subject to the foregoing objection, see answer to Interrogatory No. 8 above.

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: _____
    Attorney for Defendant,
    WILLIAM E. PHILLIPS COMPANY, INC.
    and FEDERAL INSURANCE COMPANY.

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
   and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone:  (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

F:\CLd\Cp290\Discovery\Answers to Interrogatories - William E. Phillips Company, Inc. wpd

4

## CERTIFICATION

Under penalties as provided by law pursuant to the Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in the Answers to Interrogatories are true and correct to the best of his knowledge and belief.

By: _____

Hugh Brooks
President
William E. Phillips Company, Inc.

Dated: _12/04/06_

Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
  and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone: (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

5

## CERTIFICATE OF SERVICE

I, Lynette D. Simmons, an attorney of record in this cause, hereby certify that on December 5, 2006, I caused a copy of the foregoing Defendant, William E. Phillips Company, Inc.'s Answers to Plaintiff's Interrogatories, by depositing the same in the U.S. mail at 20 North Clark Street, Chicago, Illinois, at or before 5:00 p.m., with proper postage prepaid, to the attached Service List.

By: _____
Attorney for Defendants,
WILLIAM E. PHILLIPS COMPANY, INC.
and FEDERAL INSURANCE COMPANY.


Lynette D. Simmons
Bar No. 6216851
Attorney for Defendants, William E. Phillips Company, Inc.
   and Federal Insurance Company
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street
Suite 1400
Chicago, Illinois 60602
Phone:  (312) 803-6250
Fax: (312) 803-6250
E-Mail: lds@scslegal.com

E-FILED
Thursday, 07 June, 2007  01:42:31 PM
Clerk, U.S. District Court, ILCD

112-CGI-290 (LDS/ad)                                                    Bar No. 6216851

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

ESSEX INSURANCE COMPANY,           )
                                   )
   Plaintiff,       )
                                   )
 vs.                          )  Court No. 06 CV 2035
                                   )
SOY CITY SOCK COMPANY,             )
WILLIAM E. PHILLIPS COMPANY, INC.  )
and FEDERAL INSURANCE COMPANY,     )
                                   )
   Defendants.       )

### <u>AFFIDAVIT OF HUGH BROOKS</u>

I, Hugh Brooks, being duly sworn, state that if called to testify concerning this matter, I would testify as follows:

1.  I am over 21 years of age and have personal knowledge of the matters contained herein.

2.  That I am currently the President of William E. Phillips Company, Inc. and was on October 5, 2003, the date of the fire at the Soy City warehouse located at 3205 North 22nd Street in Decatur, Illinois.

3.  At all times relevant to this suit, any product or property William E. Phillips had located at the Soy City warehouse ("warehouse") was only there on a temporary basis.

4.  The product shipped from our various suppliers to the warehouse where it was processed in response to our customers' orders.

5.  Typically, the orders were processed and our product shipped from the warehouse to our customers within two weeks.



6.    Our product rarely remained at the warehouse for longer than 30 days.

Further Affiant Sayeth Naught.

By:_____
      Hugh Brooks

2

## CERTIFICATION

Under penalties as provided by law pursuant to the Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in the Affidavit are true and correct to the best of his knowledge and belief.

By:_____

Hugh Brooks

Date:_____