**E-FILED**
Wednesday, 13 June, 2007  09:38:57 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case Number:  06-2035 |
| | ) | |
| v. | ) | |
| | ) | |
| SOY CITY SOCK COMPANY, | ) | |
| WILLIAM E. PHILLIPS COMPANY, | ) | |
| INC. and FEDERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**SOY CITY SOCK COMPANY'S RESPONSE TO
ESSEX INSURANCE COMPANY'S RULE 56
MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant SOY CITY SOCK COMPANY, INC., by counsel, David K. Cox, and files its SOY CITY COMPANY'S RESPONSE TO ESSEX INSURANCE COMPANY'S RULE 56 MOTION FOR SUMMARY JUDGMENT, stating as follows:

**INTRODUCTION**

1. It is undisputed that on October 5, 2003, a fire occurred at the Soy City Sock Company warehouse that destroyed substantial property.

2. A COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF was filed on October 13, 2005, by the FEDERAL INSURANCE COMPANY as subrogee of WILLIAM E. PHILLIPS CO., INC., against the SOY CITY SOCK COMPANY seeking recovery for damages based on the theories of negligence, breach of contract, breach of warranties and bailment.

3. A declaratory action was filed on February 15, 2006, pursuant to 28 U.S.C. § 2201 of seq., through which the ESSEX INSURANCE COMPANY is seeking a

declaration that it owes no duty to defend or indemnify SOY CITY SOCK COMPANY for the loss.

4. After a brief period of discovery, the ESSEX INSURANCE COMPANY RULE 56 MOTION FOR SUMMARY JUDGMENT was filed on May 8, 2007.

## SUMMARY JUDGMENT STANDARD

5. A summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Cir. P.56(c).

Also, as the Petitioner suggests, the Court, when considering a motion for summary judgment, must "construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of [the non-moving] party." *Allen v Cedar Real Estate Group*, *LLP*, 236 F. 3D 374, 380 (7th. Cir. 2001).

As the Respondent WILLIAM PHILLIPS COMPANY suggests in its response:

> An issue is "genuine" when a trier of fact, viewing the evidence in the light most favorable to the nonmoving party, could reasonable find in favor of the nonmoving party. *Patrick Schaumburg Automobiles, Inc. v Hanover Ins. Co.*, 452 F. Supp. 2d 857 (N.D. Ill 2006). A fact is 'material', if it 'might affect the outcome of the suit under the governing law.' *Id*. A court's role on summary judgment is not to weigh evidence."
> Phillips' Response, paragraph 7.

The underlying pleadings (particularly the complaint) and the insurance policy

"must be liberally construed in favor of the insured . . . All doubts and ambiguities must be resolved in favor of the insured." *United State Fidelity and Guarantee Co. v. Wilkin Insulation Co.*, 141 Ill. 2d 64, 73-74 (1991); *Bolanowski v. McKinney et al*, 220 Ill. App3d 910, 581 N.E.2d 345, 163 Ill. Dec. 394 (1991).

### ARGUMENT

6. Given the above standard, there are several disputed facts which prevent the Petitioner from qualifying for a Motion for Summary Judgment.

7. The coverage grant of the policy reads in relevant part:

> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages . . .
>
>    \*     \*     \*
>
>    b. This insurance applies to "bodily injury" and "property damages" only if:
>       1. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;
>       2. The "bodily injury" or "property damage" occurs during the policy period; . . .

The policy also contains the following relevant exclusions:

> 2. Exclusions
>
>    This insurance does not apply to:
>
>    \*     \*     \*
>
>    j. Damage to property
>       "Property damage" to:
>
>       \*     \*     \*

       3. Property loaned to you;

       4. Personal property in the care, custody or control of the insured;

It is undisputed that there was property damage.

Essex concedes that "[i]f the underlying complaint alleges facts within or **potentially within** policy coverage, an insurer is obligated to defend its insured …" *Dixon Distributing Co. v. Hanover Ins. Co.*, 161 Ill. 2d 433, 641 N.E.2d 395 (1994). [Emphasis added.] Essex Motion for Summary Judgment, p.5.

"Further, the court must read the policy as a whole and consider the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract." *Kapinas v. State Farm Mut. Auto Ins. Co.,* 317 Ill.App.3d 185, 187 (3rd. Dist. 2000). Essex Motion for Summary Judgment, p.6.

In this case, the pleadings indicate that the insurer knew that it was insuring a warehouse with business property handled in the regular course of business, and knew of the risk of an accident, including fire. The purpose of the contract was to insure the contents of the warehouse against precisely the type of accident that occurred. (See Essex Complaint for Declaratory Judgment and Other Relief, generally.)

  C. The essence of the Essex Insurance Company argument is that the property destroyed in the fire was in the "care, custody, or control of the insured" or that it was "personal property of others". All defendants have specifically denied this assertion in their answer. The William Phillips Company has asserted an affirmative defense that the "personal property" exclusion does not apply because the fire caused damage to the property on site. (See Phillips' Response Exhibit 1.)

  D. Essex asserts that "there were no employees of Phillips present at the Soy City warehouse at the time of the fire." (Motion for Summary Judgment, P. 8.) The arson fire occurred early in the morning of October 5, 2003 when employees of neither company were present. (See Phillips' Response Exhibit 2). Essex also claims that Phillips employees made only occasional visits to the Soy City operation, yet Soy City's

4

discovery response indicates that Phillips employees made monthly visits and provided oversight. (See Motion for Summary Judgment Exhibit D). The discovery response by Phillips indicates that there were Phillips employees present at the Soy City warehouse within ten days of the fire (See Phillips Response Exhibit 3-4).

There is insufficient information available to conclude at this stage in the litigation that the role of Phillips in the process and in directing the process lead the Court to conclude that Soy City had possessory control. The pleadings and discovery response indicate the presence of employees of Phillips, and guidance and direction from employees of Phillips. It is also an open question as to whether any degree of possessory control by Soy City, if it existed, was exclusive.

E. In the *Bolonowski* case, the court held that "while the control exercised by the insured must be exclusive, it need not be continuous". *Id.* The court also stated that "temporary or incidental access to the property or unlimited possession . . ." is insufficient to constitute "care, custody, or control" of the property of another. Soy City concurs with Phillips that there has been no discovery on these issues.

F. This argument is further supported by the affidavit of Hugh Brooks indicating that property was in the Soy City warehouse for a very limited period of time. (See Phillips Response Exhibit 5.)

G. Soy City concurs with Phillips in that here remain disputed material issues of fact with prevent Essex from qualifying for a Motion for Summary Judgment:

- the length of time the property was in the Soy City warehouse,
- access and oversight by Phillips,
- control of the subject property during the time it was in Soy City,
- specific instructions by Phillips for handling and control of the
      property
- evidence of control at the time of the loss,
- specific responsibilities with regard to the property for
    Soy City and Phillips employees, and
- knowledge by Essex and its agents of the nature of the business activity.

WHEREFORE, Defendant SOY CITY SOCK COMPANY requests that the Court deny the ESSEX INSURANCE COMPANY'S Motion for Summary Judgment.

                                      Respectfully submitted,
                                      SOY CITY SOCK COMPANY, INC.

                                      By: _/s/David K. Cox_____
                                        David K. Cox
                                        Attorney for Defendant,
                                        SOY CITY SOCK COMPANY, INC.

David K. Cox
Attorney for Soy City Sock Company
Washington Plaza
112 West Washington Street
Monticello, Illinois  61826
217/678-8063