WKM/PRR/blj                    8014-5001                    #1649915

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO.: **06 CV 2035** |
| | ) |
| SOY CITY SOCK COMPANY, | ) |
| WILLIAM E. PHILLIPS COMPANY, INC. | ) |
| and FEDERAL INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

***ESSEX INSURANCE COMPANY'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT***

NOW COMES the Plaintiff, ESSEX INSURANCE COMPANY ("Essex"), by and through its attorneys, JOHNSON AND BELL, LTD., and for its Reply Brief in Support of its Motion for Summary Judgment against Defendants, SOY CITY SOCK COMPANY ("Soy City"), WILLIAM E. PHILLIPS COMPANY, INC. and FEDERAL INSURANCE COMPANY (collectively "Phillips), states as follows:

*Defendants Fail To Raise Any Question Of Material Fact*

Under Illinois law, the "care, custody, or control" exclusion is clear and unambiguous. *Ins. Co. of North America v. Adkisson*, 121 Ill.App.3d 224, 459 N.E.2d 310 (1984). When a clear and unambiguous exclusion places a valid limitation on policy coverage, the plain language of the exclusion must be enforced by the courts. *Pekin Ins. Co. v. L.J. Shaw & Co.*, 291 Ill.App.3d 888 (1st Dist. 1997).

The only test, under the law, to determine whether Soy City had "care, custody, or control" of another's property for purposes of the applicable exclusion, is whether Soy City was in *possession* or *control* of the property at the time of loss and whether the property is a necessary element of the work being performed. If so, liability must be excluded. *Bolanowski v. McKinney*, 220 Ill.App.3d 910, 581 N.E.2d 345 (1991); *Stewart Warner Corp. v. Burns International Sec. Services, Inc.*, 527 F.2d 1025 (Cir. 7th 1975). While the control the insured exercises must be exclusive, it may not be continuous, and intimate handling of the property is not a prerequisite to establishing possessory control. *Caisson Corp. v. Home Inden. Corp.*, 151 Ill.App.3d 130, 502 N.E.2d 1168 (1986). *Exclusivity* of possession is decisive of whether a "care, custody, or control" exclusion is operative. *State Farm Fire & Cas. Co. v. Hatherley*, 250 Ill.App.3d 333, 621 N.E.2d 39 (1993); *Stewart Warner Corp. v. Burns International Sec. Services, Inc.*, 527 F.2d 1025 (Cir. 7th 1975).

In the instant case, defendants incorrectly focus on the *duration* of possession rather than its *exclusivity*. In point of fact, the "care, custody or control" exclusion can be applied where the possession is quite brief. *Stewart Warner Corp. v. Burns International Sec. Services, Inc.*, 527 F.2d at 1029; *Hartford Accident & Indem. Co. v. Crider*, 392 F.Supp. 162 (N.D. Ill. 1974) (applying "care, custody or control" exclusion to a bailment of only a few weeks in duration).

Here, the allegations in the underlying complaint establish Soy City's care, custody or control of the subject property. There are no allegations or evidence to the contrary and as such no material questions of fact.

### *Defendants Misconstrue The "Temporary Access" Exception To The Care, Custody Or Control Exclusion*

Defendants cite to the affidavit of Hugh Brooks, president of Phillips, for the proposition that Soy City's "access" the property was only temporary and therefore Soy City could not have care, custody or control of the property. The affidavit itself states that "typically" property was located at the Soy City warehouse for two weeks and in rare circumstances remained at the warehouse for longer than thirty days. See Exhibit 5 attached to Phillips' Response Brief.

However, when determining whether an insured had "temporary access" to property for purposes of the "care, custody or control" exclusion, courts do not examine the time involved. Rather, the courts examine the character of the duties performed by the insured. "Temporary access" refers the insured's relationship to the property and not how long the insured possessed it.

For example, in *Leiter Electric Co. v. Bituminous Cas. Corp.*, 99 Ill.App.2d 386, 241 N.E.2d 325 (1968), the court distinguished between "temporary access" and "care, custody or control" and held that an insured electrical contractor did not have care, custody or control of a water main damaged by its employees while connecting grounding wires to the pipe. The pipe crew was laying the pipe ahead of the electricians, and filling the excavation behind them. The court reasoned:

> In our view of this case the plaintiff had temporary access to and limited possession of an area of the water main, but not care, custody or control of such main, the same remaining with the pipe crew which excavated the trench, laid and connected the pipe. *Leiter*, 241 N.E.2d at 328.

As such, when an insured performs work at a remote jobsite and has incidental access to property, the "care, custody or control" exclusion will not apply. For example, where a bricklayer has access to a home and damages a window during the project, the court will not find

that the bricklayer had possession of the windows. See also, *Bituminous Cas. Corp. v. Chicago, R.I. & P.R. Co.*, 8 Ill.App.3d 172, 289 N.E.2d 464 (1972) (where insured contractor was hired to **remove crates** from an overturned freight car, and accidentally set fire to the freight car during the removal of the crates, the court held that the car was in "care, custody or control" of the railroad, rather than the insured, where the railroad personnel was present at all times and never released the cars. Therefore, insured contractor only had temporary access to the cars while it worked on the crates).

In the instant case, Soy City's access was not temporary or limited. The property was left at Soy City's warehouse for the express purpose that Soy City would "store, package, and ship" the property.

Under Illinois law, it is the exclusivity of the possession that is decisive. Even a short term possession will suffice. *Stewart Warner Corp. v. Burns International Sec. Services, Inc.*, 527 F.2d 1025 (Cir. 7th 1975). Along these lines, the *Stewart Warner* court explained the distinction between "temporary access" and "care, custody or control" by first examining the purpose of the exclusion.

> Our holding that goods in the warehouse were in the care, custody or control of Burns at the time of the fire for the purpose of the exclusion is consistent with the policy served by the "care, custody or control" exclusions in liability insurance contracts. One purpose is to prevent the general liability insurer from becoming a guarantor of the insured's workmanship in his ordinary operations. Failures of workmanship are a normal business risk which the insured in the best position to prevent. If such risk be transferred to the insurer via general liability provisions, the cost of general liability coverage will be greater. The "care, custody or control" exclusion is designed to avoid such a result. *Stewart Warner Corp.*, 527 F.2d at 1030.

\* \* \*

> The distinction between handling of or possessory relationship with property normal to the performance of an insured's ordinary activity and such handling or possession of property merely incidental in the course of a particular job tends to track the distinction between a guarantee of workmanship and coverage of general liability.
>
> In the instant case, the core of Burns' workmanship is to provide a trustworthy and capable watchman to care for the premises and their contents. If the "care, custody, or control" exclusion does not apply to such contents, the general liability insurer would bear the burden of guaranteeing such workmanship. We think that general principles support exclusion in this case. *Id.*

In the instant case, the core of Soy City's workmanship was to "store, package, and ship" property belonging to Phillips. The property was stored at the warehouse anywhere from two weeks to over thirty days. Moreover, the property was the subject matter of Soy City's work who contracted to "store, package, and ship" the property. The Essex policy at issue herein cannot apply to the subject matter of the insured's own work. To do otherwise would constitute an impermissible conversion of a general liability policy into a performance bond. The CGL policy at issue herein does not insure against Soy City's own work. Therefore, Soy City's possession of the property was neither incidental nor "temporary access."

### *There Are No Allegations In The Underlying Complaint That William E. Phillips Company Had Possession Of The Property At The Time Of The Fire*

Phillips incorrectly argues that there is a material issue of fact as to whether the property was in the possessory control of Soy City at the time of the fire, because there is no testimony or allegation in the underlying complaint as to the access Phillips had to its product while at the Soy City warehouse. See, Phillips Response Brief at page 5. In point of fact, the duty to defend

will be determined by comparing the *allegations* of the underlying complaint to the Essex insurance policy at issue herein. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 607 N.E.2d 1204 (1992). Essex agrees that there is no allegation that Phillips had possession of the property at the time of the fire. Since there are no allegations that any entity other than Soy City had possession of the property at the time of the fire, the "care, custody or control" exclusion must apply. The court cannot find a duty to defend based upon an allegation that does not exist.

In support of its argument, Phillips relies upon *Bolanowski v. McKinney*, 220 Ill.App.3d 910, 581 N.E.2d 345 (1991), which refused to apply the "care, custody or control" exclusion because there was no allegation that musical equipment stored in a lounge was otherwise in the lounge's possessory control. The court's holding relied on the fact that the *complaint* did not reveal whether the lounge was granted or exercised a right of access to the musical equipment in order to maintain, move or protect it. *Id.*

The allegations in the instant case have strikingly more detail than the *Bolanowski* case insofar as here, it is alleged that Soy City had access to the property specifically to "store, package, and ship" it. In fact, in stark contrast to *Bolanowski*, here, Soy City specifically contracted to "store, package and ship" the property for a profit. As such, the allegations of the underlying complaint make clear that Soy City had "care, custody or control" of the subject property and therefore Essex does not have a duty to defend the underlying action.

Phillips attempts to cloud Soy City's possessory control by suggesting that "Phillips may have had possessory control of the subject property." To that end, Phillips cites to its answers to interrogatories which state that Phillips employees were present at the Soy City warehouse

within ten (10) days of the fire.[1] See Phillips' response brief at page 5. Unfortunately for Phillips, presence at the site within ten days of the fire, is not equivalent to possessory control. In fact, presence at the site within ten days of the fire is not even in the same ballpark as possessory control. Furthermore, even if Phillips' employees were at the premises within ten days of the fire, there is nothing in the record nor any allegation in the underlying complaint which can establish Phillips' (rather than Soy City's) possession of the property. See, *e.g., Monari v. Surf Side Boat Club, Inc.*, 469 F.2d 9 (2nd Cir. 1972) (holding dock yard operator who dropped a pleasure boat while lifting it from the water with a crane had care, custody or control of the boat during the process, even though the boat owner was on hand to make his own repairs.)

Hence, even if Phillips was present ten days prior to the fire, its mere presence would not be enough to destroy care, custody or control by Soy City. Notably, Phillips fails to provide an affidavit in support of its response brief attesting that Phillips exercised any possession or control over the property during its visits to the Soy City warehouse. Instead, Phillips weakly provides an affidavit merely indicating that the property left at the warehouse was only there on a "temporary basis." One must therefore assume that Phillips has not offered an affidavit suggesting possession or control over the property because it cannot.

### *A General Liability Policy Does Not Cover Damage To Property In The Care, Custody Or Control Of The Insured*

In its response brief, Soy City incorrectly argues that a liability insurance policy issued to a warehouse must cover property stored at the warehouse. In support of this erroneous argument, Soy City cites Essex's Insurance Company's Complaint for Declaratory Judgment at

---

[1] Notably, the answers do not specify whether Phillips' employees were present prior or subsequent to the fire.

issue herein for the proposition that the purpose of the insurance contract "was to insure the contents of the warehouse." Unfortunately for Soy City, the Essex Complaint for Declaratory Judgment does not contain a single allegation concerning the "purpose" of the insurance contract and certainly does not contain an allegation that the contract was intended to cover the contents of the warehouse. In point of fact, the "care, custody or control" exclusion yields the exact opposite conclusion.

The purpose of this exclusion in a general liability policy is well documented as preventing a liability carrier from issuing a performance bond to its insured. *Stewart Warner Corp. v. Burns International Sec. Services, Inc.*, 527 F.2d at 1025 (Cir. 7th 1975). The subject exclusion is clear and unambiguous. Furthermore, it has been upheld and applied in both bailment situations and warehouse situations, both of which are applicable here. *Leiter Electric Co. v. Bituminous Cas. Corp.*, 99 Ill.App.2d 386, 241 N.E.2d 325 (1968) (applying care, custody or control to bailment situation); *Stewart Warner Corp. v. Burns International Sec. Services, Inc.*, 527 F.2d at 1025 (Cir. 7th 1975); *Home Ins. Co. v. A.J. Warehouse, Inc.*, 210 So.2d 544 (La. App. 1968) (applying "care, custody or control" exclusion to warehouse situations). As such, the exclusion applies to the instant case and Essex is entitled to judgment as a matter of law.

### *All Defendants Fail To Provide A Rule 56(f) Affidavit*

Under Rule 56(f), "should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse application for judgment or may

order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or to may make such other order as is just." Fed. R. Civ. P. 56(f).

In the instant case, all defendants request that the court refuse Essex's application for judgment because, as they argue, there are questions of fact which must be determined through the use of additional discovery. Along these lines, all defendants argue that discovery is necessary to determine whether Phillips had control of the property at the time of the fire. However, no party has supplied the Court with an affidavit in support of the argument that additional discovery is needed. Where, as here, a party claims that it cannot adequately oppose a motion for summary judgment without further discovery, and has failed to submit a Rule 56 affidavit, the court should grant the motion. See, *First Nat.'l Bank and Trust Corp. v. Am. Eurocopter Corp.*, 378 F.3d 682 (7th Cir. 2004).

### Soy City's Interrogatory Answers Do Not Allege "Oversight" By Phillips

Soy City incorrectly argues that there exists an issue of material fact because Exhibit D to Essex's Motion for Summary Judgment (Soy City's own answers to interrogatories) indicate "Phillips' employees made monthly visits and provided oversight," relative to the property.

On the contrary, Exhibit D establishes that Phillips' employees made only "occasional *inspection* of the operation at Soy City." See Exhibit D, page 2. Further, when asked to identify all Phillips employees who were ever at the Soy City warehouse and describe each individual's activities and purpose at the warehouse, Soy City responded that "a representative (Chris) made *occasional inspection* of the operation at Soy City." See Exhibit D, pages 2-3. There is no mention of "oversight, guidance, or direction" coming from Phillips to Soy City. There is nothing in the record supporting Soy City's contention monthly visits were made and oversight provided, nor does Soy City attach anything to support this claim.

In point of fact, the interrogatories gave Soy City full opportunity to describe the role of Phillips in the Soy City operation. In response, Soy City admits to only "occasional inspection." Indeed, "occasional inspection" is a far cry from "oversight", "guidance" or "direction."

However, even if Phillips' employees made monthly visits to Soy City and provided "suggestions, guidance or direction," this would not magically strip Soy City's of its possessory control. See, *e.g., Country Mut. Ins. Co. v. Waldman Mercantil Co., Inc.*, 103 Ill.App.3d 39, 430 N.E.2d 606 (1981) (applying the "care, custody or control" exclusion where a store owner exercised control over inventory owned by manufacturers of products, even when manufacturers made visits to the store and exercised responsibility for inventory and restocking.)

Hence, the question before the Court is not whether Phillips made occasional visits to the warehouse and provided occasional suggestions with respect to Soy City's operation. Rather, the question is whether Soy City exercised care, custody or control over the property at the time of the fire. Along these lines, the allegations of the underlying complaint control this analysis. The underlying complaint alleges that Soy City was to "store, package, and ship" Phillips' property. Phillips' purported visits or direction cannot destroy Soy City's exclusive possessory control insofar as there are no allegations or anything in the record to suggest that it was Phillips who was in charge of storage, packaging and shipping. There are no allegations that Phillips did any of these activities. Soy City employees handled all of these activities. Phillips did none. As such, there are no material issues of fact and Essex is entitled to judgment as a matter of law.

WHEREFORE, Essex requests that this Court enter a judgment and Order declaring the rights and obligations of Essex, Soy City, Phillips and Federal as follows:

a.  Essex does not owe a duty to defend or indemnify Soy City with respect to any damages alleged in the underlying action;

b.  Essex has no obligation under the policy to defend, to pay defense costs or indemnify Soy City with respect to the underlying action;

c.  Essex has no obligation under the policy to pay or indemnify Soy City for any judgment, award or settlement entered in the underlying action;

d.  Essex has no obligation to defend, indemnify, pay judgments, or settlements or any type of damages to Phillips or Federal in connection with their claims in the underlying action;

e.  Granting such other and appropriate relief as the Court deems just and proper.

Respectfully submitted this 18th day of June, 2007.

ESSEX INSURANCE COMPANY


By: _____/s/ Peter R. Ryndak_____
Peter R. Ryndak

William K. McVisk
Peter R. Ryndak
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603-5404
(312) 372-0770

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that *Essex Insurance Company's Reply to William E. Phillips Company, Inc. and Federal Insurance Company's Response* was served by operation of the Court's electronic filing system upon CM/ECF registered counsel, on **June 18, 2007.**


_____/s/ Betty L. Johnson_____